Commonwealth, Appellant, *v.* Allied Building Credits, Inc.

Argued May 21, 1956. Before STERN, C. J., JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Stephen B. Narin,* Deputy Attorney General, with him *George W. Keitel, Ralph S. Snyder* and *Edward Friedman,* Deputy Attorneys General, and *Herbert B. Cohen,* Attorney General, for appellant.

*John Y. Scott,* with him *Philips, Farran & McKeag,* for appellee.

OPINION BY MR. JUSTICE CHIDSEY, June 25, 1956:

The Commonwealth appeals from the final decree of the Dauphin County Court declaring invalid and setting aside a settlement and resettlement of the appellee's corporate net income tax for the fiscal year ended November 30, 1943. The court's action was based on the failure of the tax officers to comply with Section 8 (a) of the Corporate Net Income Tax Act, the Act of April 8, 1937, P. L. 227, 72 PS §3420h.(a) which reads: "(a) All taxes due under this act shall be settled by the department, and such settlement shall be subject to audit and approval by the Department of the Auditor General and shall, so far as possible, be made so that notice thereof may reach the taxpayer before the end of a year after the tax report was required to be made.".

The case was heard without a jury. By agreement of counsel all of the material and relevant facts were submitted to the court in a written stipulation from which it appeared: On March 7, 1944 appellee filed its corporate net income tax report for 1943 upon which it computed and paid a tax thereon in the amount of $100.70; on March 13, 1946 appellee filed a report of change and paid an additional tax of $4.65 as a result of changes made in its net income by the Federal Government; notice of settlement was mailed to appellee on August 2, 1951 [more than 7 years after the filing of the taxpayer's report] when it was informed that on

July 5, 1951 the Department of Revenue had settled
and on July 18, 1951 the Auditor General had approved
an account for the tax in the amount of $770.55; on
January 2, 1952 the Departments of Revenue and of
the Auditor General refused appellee's petition for a
resettlement; on January 21, 1952 the Department of
Revenue made a resettlement increasing the amount of
the tax to $840.83 as a result of the report of change.
This resettlement was approved by the Auditor General
on January 23, 1952. On May 15, 1952 the Board of
Finance and Revenue refused appellee's petition to re-
view, and on July 7, 1952 appellee paid the balance of
the $840.83 found due under the resettlement. In addi-
tion to the foregoing it was also expressly stipulated
that there was no evidence for the court's consideration
that it was not possible for the Department of Revenue
to settle and for the Auditor General to audit and ap-
prove such settlement so that notice thereof would
reach appellee before the end of a year after the tax
report was required to be made.[1]

Appellee appealed to the Dauphin County Court
which, after hearing and argument, filed an opinion and
order directing judgment to be entered in favor of the
Commonwealth ". . . in the amount of $105.35, which
judgment having been overpaid shall be marked satis-
fied; and, further, a credit of $735.48 is hereby directed
to be entered in favor of the . . . Allied Building
Credits, Inc., on the proper books and records of the
Department of Revenue and the Department of the
Auditor General, unless exceptions are filed within the
time limited by law. . . . " . Exceptions were filed by the
Commonwealth which were dismissed by the court en
banc which filed an opinion and decree affirming the
order theretofore entered. This appeal followed.

---

[1] The tax report was required to be made on March 15, 1944.

The decree is affirmed on the following excerpts from the opinions of the learned court below: "The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the Legislature. To give effect to that intention, after first ascertaining what it is, is the task given to the courts. Act of May 28, 1937, P. L. 1019, sec. 51 (46 P.S. 551); *Kearcher v. Mt. Oliver Borough Council,* 363 Pa. 148, 151 (1949); *Panik v. Didra,* 370 Pa. 488, 493 (1952). For the purpose of ascertaining legislative intent the Statutory Construction Act of May 28, 1937, P. L. 1019, Sec. 52 (46 P.S. 552) provides in part: 'In ascertaining the intention of the Legislature in the enactment of a law, the courts may be guided by the following presumptions among others: (1) That the Legislature does not intend a result that is absurd, impossible of execution or unreasonable; (2) That the Legislature intends the entire statute to be effective and certain;' Section 8(a) of the Corporate Net Income Tax Law, Act of April 8, 1937, P. L. 227, as amended (72 P.S. 3420h et seq.), provides, 'so far as possible', a one (1) year limitation after the date on which the tax report must be filed within which notice of the settlement of the tax shall be given to the taxpayer. Section 8(c) provides that a resettlement of the taxpayer's account may be made within two (2) years after a settlement has been made, and thereafter only under certain enumerated conditions not here applicable. Section 10 provides that each corporate taxpayer must keep its records for a period of three (3) years after any report is filed under the statute, and, further, penalties are provided for non-compliance with this section. Reading these provisions in their entirety the statute provides (a) a certain act (settlement) to be carried out with[in] a one year period, (b) another act (resettlement) to be accomplished within a two year period

immediately following the act done within the one year period and (c) a three year period is prescribed during which taxpayers must retain their business records relating to corporate net income tax under penalty of law. We feel that the time limitations, as set forth in the statute, are strong evidence of the intention of the Legislature when the statute was enacted. Should the time within which a settlement or a resettlement might be validly effected be left to the uncontrolled discretion of state officials, Section 10, relating to the three year period for retaining business records, would be rendered useless as a practical matter. Section 10 was inserted in the statute to aid the Department of Revenue and to promote and preserve efficiency in the computation and recomputation of the tax. When Section 10 is read in conjunction with the preceding sections 8(a) and 8(c), relating to settlement and resettlement, its further purpose appears to be to protect the taxpayer and relieve him of the unnecessary expense and effort of maintaining business records over a long period of years. To hold that the Legislature intended that the one year limitation set forth in Section 8(a) can be wilfully ignored would not only be contrary to the clear and express language of the statute, but would also lead to unreasonable results and, as stated, would not be giving effect to the entire statute. Furthermore, under Section 8(a) the notification required to be sent to the corporate taxpayer concerns the settlement of its tax, the original amount of which is self-computed by the taxpayer. The Department of Revenue may either accept, decrease, or increase the amount of the tax, as its computations determine, when making the settlement. The taxpayer, until he is notified, does not know what action has been taken. Whether accepted, decreased, or increased, the tax is imposed and assessable against the taxpayer by the proper state authorities

when the settlement is effected. The one year limitation in Section 8(a) also must be given effect because Section 58 of the Statutory Construction Act, supra, (46 P.S. 558) provides: 'All provisions of a law of the classes hereafter enumerated shall be strictly construed: (3) Provisions imposing taxes;'

"Appellee [appellant in this Court] contends that Section 8(a) does not 'impose' the tax, and, therefore, it does not have to be strictly construed. Whether or not the specific section of the law involved 'imposes' the tax need not be decided in view of the rule set forth by the Supreme and Superior Courts of Pennsylvania in a great number of cases. In *Scranton v. O'Malley Mfg. Co.*, 341 Pa. 200, 204, 205 (1941) it is stated: '. . . Liability to pay taxes arises from no contractual relation between the taxable and the state and cannot be enforced by common law proceedings unless a statute so provides. They can be collected in no other way than that provided by the statute: Schmuck v. Hartman, 222 Pa. 190, 195, 70 A. 1091; Leopold Tax Assessment Case, 118 Pa. Superior Ct. 158, 163, 179 A. 904. *Tax statutes should receive a strict construction*: Boyd v. Hood, 57 Pa. 98. *In cases of doubt the construction should be against the government*: Gould v. Gould, 245 U. S. 151, 153, 38 S. Ct. 53; U. S. v. Merriam, 263 U. S. 179, 188, 44 S. Ct. 69; Com. v. P. R. T. Co., 287 Pa. 190, 196, 134 A. 455. While it is the duty of every citizen to bear his just share in supporting the government, he cannot be compelled to do so except in a way provided by a statute. This gives rise to a rule in tax law, of general application, that whatever the law requires to be done for the protection of the taxpayer is usually mandatory and cannot be regarded as merely directory: Black on Tax Titles, Sec. 193.' See also *Phila. v. Goldfine*, 151 Pa. Super. 59, 62 (1942); *Speck v. Philips*, 160 Pa. Super. 365, 368 (1947); *Sauer Appeal*, 167 Pa.

Super. 33, 35 (1950); *Reading Tr. Co. Tax Assessment Case,* 143 Pa. Super. 277, 285 (1940); *Loeb v. Benham,* 153 Pa. Super. 601, 606 (1943); *Breitinger v. Phila. et al.,* 363 Pa. 512, 515 (1950). All of these cases represent situations where the specific provision of the statute which imposed the tax was not in issue or was only part of the issue raised, and in each case the doctrine that the *entire* taxing statute must be strictly construed was pronounced and applied by the court.

"In *Com. v. Repplier Coal Co.,* 348 Pa. 372 (1944) part of the Corporate Net Income Tax Law was under attack; in that case the provisions of the statute relating to settlement and the filing of consolidated reports by corporate taxpayers were under consideration. In a per curiam opinion the Supreme Court said: 'The judgment of the court below is affirmed on the able and comprehensive opinion of President Judge HARGEST.' The opinion of President Judge HARGEST, reported in 53 Dauphin 191 (1942) states: 'In approaching these questions, it must be remembered that this is *a taxing statute which must be strictly construed.* We are not dealing with exemptions, as the Commonwealth has suggested, but with the essential right to the tax. Any doubt or uncertainty as to the imposition of the tax must be resolved in favor of the taxpayer. Commonwealth v. Chester County Light & Power Co., 48 Dauphin 1, 5; Commonwealth v. Quaker City Cab Co., 29 Dauphin 90, 287 Pa. 161, 277 U. S. 389; Commonwealth v. Philadelphia Rapid Transit Co., 287 Pa. 190, 196; Gilberton Borough School District v. Morris, 290 Pa. 7; Krause's Est., 325 Pa. 479; Arbuckle's Est., 324 Pa. 501; Barber's Est., 304 Pa. 235, 240. The words imposing the tax should be clear and unambiguous (Commonwealth v. P. W. & P. Co., 271 Pa. 456, 458); nor can words be extended by implication. Gould v. Gould, 245 U. S. 151, 153; United States v. Merriam,

263 U. S. 179, 188; Commonwealth v. Philadelphia Rapid Transit Co., supra.' In the light of this voluminous case authority we feel that Section 8(a) of the Corporate Net Income Tax Law, a taxing statute, falls under the rule of strict construction. Since that section requires a certain act to be done for the protection of the taxpayer it must be strictly construed.

"A further question, however, arises as to the construction to be placed upon the words 'so far as possible' as used in Section 8(a) which states: '. . . such settlement . . . shall, *so far as possible*, be made so notice thereof may reach the taxpayer before the end of a year after the tax report was required to be made.' The meaning of the term 'so far as possible' has never been specifically construed by a Pennsylvania Court, either in the present context or in relation to any other statute. In *Eichenhofer v. Phila.*, 248 Pa. 365, 372 (1915), the word 'possible' was held to be coupled with and modified by the words 'reasonable' and 'natural, probably, or likely.' Section 33 of the Statutory Construction Act, May 28, 1937, P. L. 1019 (46 P.S. 533), provides that words and phrases which have not acquired a peculiar and appropriate meaning or definition '. . . shall be construed according to rules of grammar and according to their common and approved usage. . .' Black's Law Dictionary (4th Ed.) defines the word 'possible' as: 'Capable of existing, happening, being, becoming, or coming to pass; feasible, not contrary to the nature of things; neither necessitated nor precluded; free to happen or not, contrasted with necessary and impossible.' Applying this definition to the phrase 'so far as possible' we find it capable of the following construction: so far as capable of happening, so far as capable of coming to pass, so far as feasible, contrasted with necessary and impossible. From this analysis it is apparent that the

term as used in the Act would carry with it the notion of 'reasonableness' or 'within reason'. This relative use of the term suggests that there are conditions under which it would be unreasonable to require the Department of Revenue to act within the required time, i.e., circumstances wherein the department would be unable to act, or where, even though able to act, it was under some disability whereby the required acts could not be accomplished efficiently and properly. The inclusion of the phrase 'so far as possible' indicates an intent on the part of the Legislature that the provision is not mandatory upon the Department of Revenue. It recognizes that the duty placed on the department to act within one year is not absolute and immutable, saying, in effect, there may be circumstances present which, if proven, would allow a settlement of the taxpayer's account to be made after the one (1) year period has elapsed. What would constitute sufficient cause to allow a settlement to be made after the one (1) year period has expired is a question that would have to be determined in each case upon its own particular facts. No test or criterion is set forth in Section 8(a) to guide the courts in the determination of that question. Nor do we have to entertain that difficult problem in the instant appeal because Stipulation of Fact No. 9 provides: '9. There is no evidence before this Court of any fact indicating that it was not possible for the Department of Revenue to settle an account for corporate net income tax for said year and for the Department of the Auditor General to audit and approve such settlement so that notice thereof may reach the taxpayer before the end of a year after the tax report was required to be made.' Since the one year period in which a settlement might have been made has expired and there is no evidence of any circumstances which prevented a settlement from

being made within that time, the Department of Revenue cannot make a settlement at this late date. It must be deemed to have accepted as correct the amount of tax set forth in the annual tax report and consequently can no longer readjust or settle the taxpayer's account.

"Appellee contends that the burden of proving a settlement was possible within one year is on the taxpayer, not on the Department of Revenue. With that contention we cannot agree. In construing a statute the courts must keep in mind that the Legislature is not presumed to have intended an absurd or unreasonable result: *Altieri v. Allentown Officers and Emp. Retirement Board,* 368 Pa. 176, 182 (1951); good sense and practical utility must be considered, *Pottsville Referendum Case,* 363 Pa. 460, 467 (1950); statutes should receive a sensible construction and should be construed, if possible, so that absurdity and mischief may be avoided, *Sun Shipbuilding & Dry Dock Co. v. Unemp. Comp. Board of Review,* 358 Pa. 224, 233 (1948). See also Act of May 28, 1937, P. L. 1019, sec. 52 (1) (46 P.S. 552 (1)); *Burgis v. County of Phila.,* 169 Pa. Super. 23, 25 (1951); *Duddy v. Conshohocken Printing Co.,* 163 Pa. Super. 150, 155 (1948). To place the burden on the taxpayer to prove that a settlement was possible within one year does mischief to his rights. It would place on him the task of investigating and inquiring into the administrative departments of the state government in an effort to disclose or unearth facts which would show that the settlement could have been effected within one year. This would cause unnecessary expense and effort to which the taxpayer should not be subjected. Further, it could conceivably result in utter confusion, with many taxpayers checking state agencies and records in an attempt to prove that settlements could have been made within one

year. Section 8(a) is written in affirmative language imposing a duty on the Department of Revenue to perform a certain act within one (1) year 'so far as possible'. Should the act not be accomplished within that time the burden should fall upon the persons who were to do the act in question to prove extenuating circumstances which might allow them to perform the act after the time limit expired. To put such a burden on the taxpayer is unreasonable.

"The Commonwealth-appellee finally contends the presumption that all things done by a public official are done properly and regularly and that a public official has done his duty should apply in the instant case. We are aware of this presumption; however, since the settlement was not made within one (1) year, from the stipulated facts it is apparent that the duty placed on the Department of Revenue was not performed regularly or properly. It is difficult to see how the Commonwealth could attempt to make a reasonable explanation of its delay until the year 1951 in the making of a settlement of a tax report for the year 1943 or the taxpayer's Report of Change filed in 1946, and the Commonwealth has not and does not now attempt to do so. Therefore, the presumption relied upon by the Commonwealth is rebutted.

"At the argument before the Court en banc, the Deputy Attorney General representing the Commonwealth made the startling contention that should the Commonwealth under Section 8(a) wait for 50 or 75 years before making a retroactive tax claim or 'settlement', no defense could validly be made by the taxpayer against such procedure, even though *no* reason were given by the Commonwealth for such delay. Our answer to this contention is found in the language of the Supreme Court, speaking through Mr. Justice KEPHART in *East Lake Road and Payne Ave.,* 309 Pa.

327, 329, 330 (1932) : 'We have held as a general rule that where an act of assembly commands an act to be performed within a certain time the words employed are mandatory. It is not within the power of courts to waive or dispense with such legislation : Singer v. D. L. & W. R.R. Co., 254 Pa. 502; Wise v. Cambridge Springs Boro., 262 Pa. 139; Harris v. Mercur, 202 Pa. 313; Fields App., 305 Pa. 125, 129. There are exceptions to the rule : it does not embrace literal compliance with an act, the performance of which has been made impossible through no fault of the one whose duty it was to act, where the thing to be done may be done at some future time (Com. v. Hill, 185 Pa. 385); nor does it include the performance of a public duty, the neglect of which works general inconvenience, serious injury, or injustice to those having no control over the person who is to perform the duty : Com. v. Griest, 196 Pa. 396, 416. However, where the act to be performed concerns vested rights, procedure, or other similar matters, such as the imposition of a lien or a charge against land, the statute is mandatory and its requirements must be strictly followed. See Wise v. Cambridge Springs Boro., supra; In re Road in Salem Twp., 103 Pa. 250; Harris v. Mercur, supra.

'Here the nature of the action was to impose a charge for street benefits from widening and paving a street. The time designated in the act for the report to be filed was one of the essentials of the proceeding as it affected property owners. It was also part of an orderly procedure designated by the legislature to establish the legality of the lien. Its nonperformance had a grave tendency to imperil the rights of those affected, for after the time thus limited the act gave to such persons another limited period, thirty days, in which to appeal to the courts. If the provision relative to the time wherein the report was to be filed was directory,

then as the Act of 1919 amended the Act of 1913 in this particular only, the later act was useless. If appellee's contention is correct, there is no limit to the time within which the report must be filed, and all that is necessary is to have viewers appointed within six years and after a hearing their report may be withheld indefinitely. It will be seen a property owner would be put to the hazard of having his land subjected to a secret or at least an uncertain lien (Western Penna. Ry. Co. v. Allegheny, 92 Pa. 100, 103; Scranton Sewer, 213 Pa. 4, 8) ; or of being placed in the unusually vigilant position of ascertaining, in the years following the viewers' hearing, the date the report might be filed. It is utterly illogical to suppose that the legislature intended such a result. It may as well be urged that the 30-day time within which an appeal can be taken to the courts was directory, and an appeal could be taken at any time. The same reasoning might then be applied to appeals to this court.'

"The Commonwealth also relies upon *Com. v. Western Md. Rwy. Co., Applnt.*, 377 Pa. 312 (1954), which affirmed the opinion of this court speaking through Judge RICHARDS in 63 Dauphin Co. 153. In *that* case the Commonwealth had *a valid explanation* and an *unavoidable cause for delay* in making settlements within the time required. . . .".

Decree affirmed at the cost of appellant.