## Commonwealth v. Smith

*Eugene G. Kitko*, for plaintiff.
*Clarence R. Kramer*, for defendant.

PENTZ, P. J., September 18, 1957.—This matter comes before the court on a complaint in equity, together with petition for preliminary injunction, requesting an order restraining defendant, treasurer of Clearfield County, from exposing for sale on August 19, 1957, two pieces of real estate, previously sold by the treasurer at the county treasurer's sales held August 5, 1957.

Answer to the complaint was filed August 16, 1957, and at the hearing following the filing of the answer on August 16, it appearing that the facts were not in dispute, it was stipulated that the resale advertised for August 19, 1957, be restrained, and that the only question involved is the interpretation to be given the amendment of section 10 of the Act of May 29, 1931, P. L. 280, 72 PS §5971(*j*), enacted January 31, 1956, P. L. (1955) 961.

The facts are as follows:

At the sale held August 5, the Department of Public Assistance through its claims settlement agent, F. Gurney Smith, bid on a property in Cooper Township assessed in the name of Lee Schultz, house no. 70 and lot, and a house in Greenwood Township assessed as Charles A. Thorp house and two lots.

Upon these two properties the Department of Public Assistance had judgments for moneys advanced to the named owners for relief. The properties were each bid in by the claims settlement agent in the name of the Commonwealth of Pennsylvania, Department of Public Assistance, for taxes, interest and costs, plus over-bids on each property equal to the amount of the judgments.

Following the bids the claims settlement agent tendered to the county treasurer the amount of the taxes, interest and costs.

This tender was refused by the county treasurer as it did not include the sum of 25 percent of the purchase price as provided by the Act of January 1, 1956, P. L. (1955) 961, 72 PS §5971(*j*).

The county treasurer thereupon announced the two properties would be resold on August 19, 1957, in accordance with second sentence of the act, as amended, viz.: "In case said amount is not forthwith paid after the property is struck down, the sale shall be avoided

and the property immediately again put up by the said Treasurer."

The complaint requested, first, an order restraining defendant from reselling the said properties on August 19, 1957, and to compel defendant to accept the purchase price tendered, namely, in the total amount of taxes, interests and costs, exclusive of the 25 percent of the purchase price, and to compel defendant to make and deliver plaintiff a treasurer's deed for the conveyance of the said properties.

By an amendment filed to the complaint August 22, 1957, plaintiff contends the Commonwealth of Pennsylvania is not required to file the surplus bond required by section 13 of said Act of May 29, 1931, P. L. 280, 72 PS §5971(*m*).

Defendant's answer admits the facts, and takes issue to the position taken by plaintiff.

## Discussion

The particular section, and the interpretation thereof involved in this proceeding, appears as follows, with the amendments therein indicated by italics:

"Section 10. It shall be the duty of the purchaser or purchasers at this treasurer's sale, as soon as the property is struck down, to pay (*i*) the amount of the purchase money, or (*ii*) such part thereof as may be necessary to pay all taxes, except such taxes as have heretofore been filed as liens in the office of the prothonotary, and all interest, and costs, and also one dollar and fifty cents for the use of the prothonotary for entering the report of the treasurer and acknowledgement of the treasurer's deed, as hereinafter mentioned, *plus an additional amount equal to twenty-five per centum of the purchase money.* In case said amount is not forthwith paid after the property is struck down, the sale *shall* be avoided and the property immediately put up again by the said treasurer. *In the event the purchaser fails to later make complete*

*settlement at the time and in the manner provided for in this act, any money paid under the provisions of this section shall be forfeited and shall be disposed of the same as purchase money.*

"Any such property, for which an amount sufficient to pay such taxes, interest, and the costs is not bid, shall be purchased by the county commissioners, in which event the requirements of the preceding paragraph of this section shall not apply."

Plaintiff's position is briefly that the portion of the amendment providing "plus an additional amount equal to 25 per centum of the purchase money" brings about a result that is "absurd, impossible of execution or unreasonable": Section 52 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §552. Section 51 of the Statutory Construction Act, 46 PS §551, provides that the object of all interpretation and construction of laws is to ascertain and effectuate the intent of the legislature, and if possible, give effect to all of its provisions.

The act in question, being an amendment, must be so construed as to merge into the original law and become a part thereof, replacing the part amended, and the remainder of the original law and the amendment shall be read together. In Walters v. Topper, 139 Pa. Superior Ct. 292, it is held that where a statute amends a part of a general code so that its effect is to materially modify, partially destroy or interfere with the general purpose of the code by conflict with the sections, the amendment should be strictly construed and made to conform to the general purpose unless the legislative intent is clearly and specifically otherwise.

The amendment is tax legislation, in that it is either a penalty or an additional tax, but is nevertheless tax legislation, and as such is to be strictly construed, and

if there is any doubt, any interpretation thereof shall be against the taxing body, namely, the government or any governmental agency: Commonwealth v. Allied Building Credits, Inc., 385 Pa. 370, 377.

In Commonwealth v. Flickinger, 165 Pa. Superior Ct. 95, the general rule of interpretation is stated that the courts shall not declare a statute null and void unless its nullity and invalidity are beyond a reasonable doubt, and that such doubt must be resolved in favor of the legislative action. However, tax legislation is in a different category. The Statutory Construction Act, supra, section 58 of article 4, 46 PS §558, exempts provisions imposing taxes from the rule of liberal construction, and specifically requires a strict construction of provision imposing taxes. As was said in Commonwealth v. Allied Building Credits, Inc., supra, tax statutes must receive a strict construction, and in cases of doubt, the construction shall be against the government.

Plaintiff, among other things, takes the position that this amendment throws an unreasonable and discriminatory burden, and in effect a penalty, upon lien creditors, when, as in the case at bar, a lien creditor, in order to protect his lien, and the debt owed him, buys in a property at a tax sale, and is compelled to bid taxes, interest and costs, and an amount equal to his lien, he is penalized in an amount equal to 25 percent of the amount he bid.

Again in the succeeding sections of the Taxing Act of May 29, 1931, P. L. 280, 72 PS §5971(m) and 5971(o), a purchaser is required only to pay the taxes, interest and costs at the sale if he so desires and may post a bond for the remainder of the bid. If the owner then redeems, the owner pays a 15 percent charge on the purchase price to the successful bidder at the sale. If the 25 percent is added, the owner, attempting to

redeem, would pay in the final analysis 40 percent, and that, plaintiff contends, is an unreasonable burden upon the taxable.

It is apparent upon construing this amendment with the succeedng sections concerning the posting of bond for the amount of the bid in excess of taxes, interest and costs, confusion arises. Upon what amount shall the 25 percent be calculated: Shall the successful bidder pay 25 percent of the taxes, interest and costs, all he is required to pay, or pay it on the whole amount of his bid, which he is not required to pay, but part of which he secures by bond? After all, a municipality levies taxes according to its needs, and is not entitled to any more than the legal rate of interest on taxes unpaid, or delayed in payment.

It is admitted, and defendant concurs therein, that it is extremely difficult to determine the intent and purpose of the legislature in enacting this amendment. Obviously, but not admitted by defendant, a discriminatory and unreasonable burden is placed upon a lien creditor who attempts to protect himself at a tax sale.

This is a clear case of the public being entitled to the benefit of the doubt. The amendment is not only unreasonable but is discriminatory.

The other question, the posting of a surplus money bond by the Commonwealth, through the Department of Public Assistance, in accordance with 72 PS §5971(m), is also raised in the pleadings.

The Commonwealth of Pennsylvania, by virtue of the Act of May 28, 1915, P. L. 616, sec. 1, as amended, 12 PS §145, is exempt from filing any bonds or any security whatsoever. The action of the Department of Public Assistance in purchasing properties at tax sales, as a part of the process of recovering moneys expended for public assistance, has been determined in effect to be part of its governmental function, and not a

proprietary function: Commonwealth v. Schuylkill County, 361 Pa. 126.

The surplus bond provision in the sale of lands for tax recovers, permits the owner to have an election either to redeem his property under the provisions set forth in the act, or permit the bidder at the tax sale to retain the same and recover, upon the bond if necessary, the surplus bid over and above taxes, interest and costs. In the case at bar, the owners or the heirs of the owners, if they desire to redeem the property, must refund to the Commonwealth the amount of moneys expended for their support, or in the event such owners do not desire to redeem, the Commonwealth will have an opportunity to recover all moneys expended therefor.

The public assistance paid is a forward step in the relief of poverty and distress, and is, notwithstanding its great social benefit, a heavy cost to the taxpayers generally of the Commonwealth. Any recovery the Department of Public Assistance may make is of benefit not only to the taxpayers, but to any succeeding group of those so unfortunate as to require public assistance.

### Legal Conclusions

1. The amendment to the tax collection laws of May 29, 1931, P. L. 280, 72 PS §5971(j), is unreasonable and impossible of just and fair enforcement, and it is, therefore, declared void and of no force and effect.

2. The Commonwealth of Pennsylvania, Department of Public Assistance, plaintiff in this action, is not required to file a surplus bond to the amount of the bid in excess of the taxes, interest and costs.

### Decree Nisi

Now, September 18, 1957, defendant, the County Treasurer of the County of Clearfield, is restrained

from holding any adjourned sale at any time of the following property: House no. 70 and lot, Cooper Township, assessed to Lee Schultz; house and two lots, Greenwood Township, assessed to Charles E. Thorp.

2. Defendant shall accept the total amount of taxes, interest and costs as tendered by plaintiff.

3. Defendant shall make, execute and deliver treasurer's deed at tax sale for the two pieces of property described in paragraph one hereof.

4. Unless exceptions are filed hereto within 30 days from the date hereof, final decree as set forth herein will be entered.