Commonwealth of Pennsylvania, Appellant, *v.* Pennsylvania Manufacturers' Association Casualty Insurance Company, Appellant.

Argued January 14, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Roy J. Keefer,* with him *Hull, Leiby & Metzger,* for insurance company.

*George W. Keitel,* Deputy Attorney General, with him *David Stahl,* Attorney General, for Commonwealth.

OPINION BY MR. JUSTICE COHEN, March 19, 1963:

Appellant in No. 27, the Pennsylvania Manufacturers' Association Casualty Insurance Company, duly filed its Capital Stock Tax Report for the year ending December 31, 1954, with the Pennsylvania Department of Revenue and showed therein a capital stock value of $750,000. Settlement was thereafter made by the Board of Finance and Revenue placing a value of $8,-500,000 on the company's capital stock. On appeal to the Court of Common Pleas of Dauphin County, this value was increased to $9,500,000.

Appellant's main contention is that certain reserves maintained by it belong to the policyholders, not to the company, and should be excluded in appraising the value of its capital stock. The Commonwealth asserts that such reserves are to be considered and, as appellant in No. 28 contends, that an evaluation of all of the factors affecting the value of the company's capital

stock justifies a valuation of $20,000,000. The Commonwealth also complains of the lower court's refusal to allow interest.

We think that the substantive issues raised on these appeals are adequately answered by the court below in the opinion and decree nisi of President Judge RICH-ARDS (76 Dauph. 275), and in the opinion of Judge NEELEY for the court en banc (78 Dauph. 28). The court below held that appellant-insurance company was a stock company and as such should be taxed as a stock company even though appellant had some characteristics of a mutual fund company. We affirm this conclusion.

With regard to the Commonwealth's claim for interest, however, we think that the court below committed error. The court based its holding on the fact that no computation of interest was introduced in evidence. This reasoning overlooks section 806 of The Fiscal Code of 1929, 72 P.S. §806, which requires that all taxes owing the Commonwealth bear interest at 6% from their due date. This is a statutory requirement which cannot be ignored merely because a computation was not submitted by the parties. It might be good practice for the court to request the parties to submit a computation where the computation is a difficult one; but if interest is properly requested, as it was here, it cannot be denied.

The record shows that settlement was not made within one year of the date the report was filed. In such a situation, the imposition of interest is suspended from "the end of such one year and sixty days after the date of the mailing of the settlement." (72 P.S. §806). Hence, interest on the principal of tax due of $30,867.32 should be computed from March 15, 1955 (the due date) until March 15, 1956, and from September 1, 1958 (60 days after the date of mailing of the settlement) until paid.

The judgment of the court below is modified to provide for the payment of interest as stated and, as modified, is affirmed.