## Commonwealth v. Sherwin Equipment, Inc.

588

*Eugene J. Anastasio*, Deputy Attorney General, for Commonwealth.

*Robert D. Myers* and *Frank H. Simon*, for petitioner.

SWOPE P. J., July 19, 1968.—We have before us the petitions of Sherwin Equipment, Inc., for leave to amend its appeals and specifications of objections in the above captioned cases. Pursuant to the rule which issued thereon, the Commonwealth has filed its answer. At this juncture the sole question before the court is whether the amendment should be allowed.

On July 14, 1960, petitioner filed its capital stock and corporate net income tax reports for the year ended March 31, 1960. Settlements were made and copies mailed to petitioner on February 15, 1962. Petitioner, thereupon, filed petitions for resettlement which were subsequently denied. Petitioner then filed petitions for review before the Board of Finance and Revenue. By order dated March 11, 1965, the board upheld the settlements as issued by the Department of Revenue. On May 10, 1965, petitioner appealed that order to this court.

Thereafter, on November 9, 1965, the Pennsylvania Supreme Court rendered its decision in Commonwealth v. Safe Harbor Water Power Corporation, 419 Pa. 497. After reargument, a final decision was rendered on October 7, 1966: Commonwealth v. Safe Harbor Water Power Corporation, 423 Pa. 101.

On November 14, 1966, petitioner filed the present petition seeking to incorporate the decision of Safe Harbor in its claim. The new matter sought to be included concerns the timeliness of the settlements, in light of the provisions of section 801 (b) of The Fiscal Code of April 9, 1929, P. L. 343, as amended, 72 PS §801 (b), as follows:

"§801 (b) All such settlements shall, as far as possible, be so made that notice thereof may reach the taxpayer before the end of the year succeeding the year for which the tax or bonus report or return was made or ought to have been made".

The Commonwealth contends that petitioner is precluded from introducing the amendment by section 1104 of The Fiscal Code, supra, which provides as follows:

"Appeals taken hereunder shall be hearings de novo, and no questions shall be raised by the appellant that were not brought to the attention of the department making the settlement, or in the application for re-

settlement, or petition for review prior to the appeal, and set forth in the specifications of objections contained in the affidavit accompanying the appeal, unless the court shall be satisfied that the appellant was unable, by the exercise of reasonable diligence, to have raised such questions before the department making the settlement and the Board of Finance and Revenue, and no questions shall be raised which are not included in the Specification of objections filed as hereinbefore provided".

This section clearly sets forth that no questions shall be raised that were not introduced during prior administrative proceedings. An exception is provided where petitioner " . . . was unable, by the exercise of reasonable diligence, to have raised such questions . . . " It is incumbent upon the court, therefore, to determine whether the Safe Harbor decision marked the first time the question of timeliness could have been raised.

Prior to Safe Harbor, the requirement of timeliness, as delineated in section 801 (b), had been raised in a number of cases: Commonwealth v. Allied Building Credits, Inc., 385 Pa. 370; Commonwealth v. Fruehauf Trailer Co., 20 D. & C. 2d 30, 71 Dauph. 7; Commonwealth v. Dresser Industries, 75 Dauph. 111; Commonwealth v. Andale Company, 75 Dauph. 250; Commonwealth v. Lehval Industries, Inc., 75 Dauph. 254; Commonwealth v. Pennsylvania Manufacturers Association Casualty Insurance Co., 76 Dauph. 275, 78 Dauph. 28, modified on other grounds, 410 Pa. 207; Commonwealth v. Tonopah Mining Company, 83 Dauph. 279. In each of these cases the settlements were challenged on the ground that they were made later than "the end of the year succeeding the year for which the tax . . . report . . . was made . . . ." By their very existence, they compel the conclusion that by the exercise of reasonable diligence a taxpayer

could raise the question of timeliness of settlement at the outset simply by examining the face of the settlement itself. Yet this is the very issue now sought to be advanced by the petitioner for the first time. We fail to see why he was unable to raise this question before the final decision in Safe Harbor was rendered. While Safe Harbor did, in fact, narrow those circumstances which would justify the taxing authorities' delaying a settlement beyond the limitation prescribed in section 801 (b), it cannot be said to have created a novel ground for attacking the propriety of a tax settlement. The requirement of timely settlement has existed in The Fiscal Code and has thus been available to taxpayers as a basis for objection since the inception of the act.

Section 1104 of The Fiscal Code expressly restricts its exception to questions that appellant was previously unable to raise. The ability to raise a question must be distinguished from the possible measure of success that might result therefrom. Despite any uncertainty which the earlier decisions may have created as to the expectancy of favorable result in advancing the question of timeliness at the outset of its efforts, petitioner was in no way prevented from doing so.

We conclude, therefore, that petitioner, by the exercise of reasonable diligence, could have raised the question of timeliness while the settlements in question were still in the process of administrative review and, failing of this, will not be permitted to amend its petition to include the issue in its appeal at this late stage.

We cannot agree with petitioner's contention that our decision in Commonwealth v. Manbeck, Inc., 36 D. & C. 2d 742, 84 Dauph. 78, is controlling in this matter. Whereas the basic question in both Manbeck

and the instant case is the same, the nature of the decision sought to be incorporated in the instant petition for the allowance of an amendment can be distinguished.

In Manbeck, the taxpayer petitioned to amend its appeal in order to include the later decision rendered in Commonwealth v. Sitkin's Junk Co., Inc., 412 Pa. 132. Sitkin's Junk had provided a definition of "manufacture of personal property" as set out in the Selective Sales and Use Tax Act of March 6, 1956, P. L. (1955) 1228, sec. 2(c), which was determinative of whether the taxpayer qualified for a tax exclusion. It is fair to say that the taxpayer in Manbeck could not, by the exercise of reasonable diligence, have anticipated the precise definition ultimately reached by the court in the Sitkin's Junk case.

In the instant case, however, Safe Harbor provides no new interpretation of an essential phrase which would aid the taxpayer's cause. That which petitioner now seeks to add to his claim is and always has been ascertainable from the face of the record taken in the light of the statutory requirement. Section 801(b) calls for a settlement prior to the end of the year succeeding the year for which the tax report was made. The Commonwealth's settlement was made at a later time. Safe Harbor adds nothing new to these facts, all of which were and are readily ascertainable without reference to that decision.

Accordingly, we make the following

### ORDER

And now, this July 19, 1968, the petition of Sherwin Equipment, Inc., for leave to amend its appeals and specifications of objections in the above captioned cases is hereby denied. The prothonotary is directed to notify the parties or their counsel forthwith.