Bankers Bond & Mortgage Company, Appellant *v.* School District of Philadelphia, Appellee.

Argued November 20, 1981, before Judges Rogers, Blatt and Craig, sitting as a panel of three.

*Joseph C. Bright, Jr.,* with him *Gerald Krekstein,* and *Lewis M. Hendler, Drinker, Biddle & Reath,* for appellant.

*Eugene F. Brazil,* General Counsel, for appellee.

Opinion by Judge Blatt, June 9, 1982:

Before us is a tax appeal from an order of the Court of Common Pleas of Philadelphia County which denied the motion for summary judgment of Bankers Bond and Mortgage Company (taxpayer) and entered judgment in favor of the School District of Philadelphia (School District).

The taxpayer here paid the School District General Business Tax to the Department of Collections of the City of Philadelphia (Department of Collections), which had been collecting School District taxes pursuant to annually enacted resolutions of the School Board directing it to do so. The taxpayer had sustained operating losses during the years 1969 through 1972 and, consequently, believed that it was not liable for the tax it paid during that period of time. On November 19, 1973, therefore, it filed petitions for refund with the Department of Collections which denied the refunds for 1969 through 1971, while allowing refund of the 1972 tax on the grounds that the petition was barred by the two-year statute of limitations set forth in the Local Tax Collection Law, Act of May 21, 1943, P.L. 349, *as amended,* 72 P.S. §5566 (b). The taxpayer was advised that this decision was "a tentative ruling by the collector and may be appealed to the School District Board of Appeals. . . .", and such an appeal was filed with the Board of Tax Appeals of the School District, where the decision of the Department of Collections was upheld. An appeal to the Court of Common Pleas was then filed, where the taxpayer's Motion for Summary Judgment was denied and judgment was entered in favor of the School District. This appeal followed.

72 P.S. §5566(b) provides in pertinent part:

Whenever any person or corporation of this Commonwealth has paid . . . into the treasury of any political subdivision, directly *or indirectly* . . . any taxes of any sort . . . to which the political subdivision is not legally entitled; then, in such cases, *the proper authorities of the political subdivision,* upon the filing with them of a written and verified claim for the refund of the payment, are hereby directed to make, out of budget appropriations of public funds,

refund of such taxes . . . to which the political subdivision is not legally entitled. Refunds of said moneys shall not be made, unless a written claim therefor is filed, with the political subdivision involved, *within two years of payment thereof.*

The right of refund afforded by this act may not be resorted to in any case in which the taxpayer involved had or has available under any other statute, ordinance or resolution, a specific remedy by way of review, appeal, refund or otherwise, for recovery of moneys paid as aforesaid. . . . (Emphasis added; footnote omitted.)

The taxpayer asserts, however, that it has a specific remedy available to it under Section 19-1703(1) of the Philadelphia Code and that, therefore, the two-year limitation in 72 P.S. §5566(b) does not apply. This Section of the Philadelphia Code provides in pertinent part:

(a) The Department of Collections may grant a refund, in whole or in part, upon determination that a tax, water or sewer rent, license fee or other charge, interest or penalty, or any part thereof has been paid under mistake of law or fact, or under an invalid law.

(b) Every petition for refund of moneys collected by the Department of Collections including but not limited to any tax, water or sewer rent, license fee or other charge, and interest and penalties thereon, shall be filed with the Department of Collections *within 6 years from the date of payment to the City.* (Emphasis added.)

The taxpayer contends that, inasmuch as it petitioned for refund of a tax collected by the Depart-

ment of Collections, its petition comes within the six-year limitation period and that it is, therefore, entitled to a refund for all of the years in question.

The parties stipulated at the time of the taxpayer's appeal to the School District's Board of Appeals that the only issue in controversy is whether the controlling statute of limitations for filing petitions for refund of the General Business Tax imposed by the School District is the two-year limitation set forth in 72 P.S. §5566(b) or the six-year limitation contained in Section 19-1703(1) of the Philadelphia Code.

Imposition of a general business tax by school districts of the first class[1] is mandated by the Act of May 23, 1949 (Act), P.L. 1669, *as amended,* 24 P.S. §§584.1-584.12. Section 584.2 of the Act, 24 P.S. §584.2 provides that every school district of the first class which is coterminous with a city of the first class[2] shall, if authorized to do so by the city council of that city, "levy and *collect* an annual [general business] tax." (Emphasis added.) Pursuant to this statutory mandate and the authority granted it by a Philadelphia City Council ordinance, each December the Board of Education of the School District (Board) has declared by resolution[3] that it did thereby "levy and assess and *shall collect*" the general business tax for the next calendar year and that "the proper au-

---

[1] The School District of Philadelphia is a school district of the first class.

[2] The School District is coterminus with the City of Philadelphia, a city of the first class.

[3] The Board of Education's resolutions for the year 1969 and 1970, but not for the year 1971, were made part of the record. However, inasmuch as there is nothing to indicate that the resolution for the year 1971 differed from those of the previous years, we, as did the court below, will assume that it contained the same language as did those for the two preceding years.

thority collecting the municipal taxes in the municipality co-terminous with The School District . . . is directed to collect said taxes and do all acts necessary in connection therewith. . . .'' Having previously declared that *it* shall collect the tax, we believe that the Board then merely delegated the duty of collecting the tax to the City's Department of Collections. In so doing, it did not abdicate the School District's statutory responsibility for imposition and collection of this tax which is paid into the school district treasury[4] for school district purposes.[5]

Responsibility for collection of the general business tax is clearly set forth in the statute. Section 584.7 of the Act, 24 P.S. §584.7 providing in pertinent part that:

> (a) It shall be the duty of the collector to collect and receive taxes. . . .

> (b) The collector is hereby charged with the enforcement of the provisions of this act, and is hereby empowered to prescribe, adopt, promulgate and enforce rules and regulations relating to any matter pertaining to the administration and enforcement of this act, including provisions for the re-examination and correction of returns and payments alleged or found to be incorrect or as to which an overpayment is claimed or found to have occurred.
> . . .

The collector is defined in Section 584.1(6) of the Act, 24 P.S. §584.1(6) as ''[t]he receiver of school taxes,

---

[4] Section 306 of the School District's General Business Tax Regulations, implemented pursuant to Section 584.7(b) of the Act, 24 P.S. §584.7(b) provides that: "[p]ayment of the tax may be made in cash, by check or money order drawn to the order of the School District of Philadelphia."

[5] Section 584.2 of the Act, 24 P.S. §584.2.

or in a school district of the first class in which there is no such receiver of school taxes, the school treasurer.'' We believe that the legislature, therefore, has clearly established the position of collector as one which is within the structure of the school district rather than that of the City, and it has specifically entrusted the school district collector with responsibility not only for collecting and receiving the general business tax but also with the authority to implement enforcement of the act, including regulations relating to overpayments of the tax.[6]

On the other hand, the limitation set forth in Section 19-1703(1)(b) of the Philadelphia Code, upon which the taxpayer here relies, applies, to a ''petition for refund of [tax] moneys collected by the Department of Collections . . . filed with the Department of Collections within 6 years from the date of *payment to the City.*'' (Emphasis added.) While the school district's general business tax is collected by the City's Department of Collections, the collection is done on behalf of and at the direction of the School District the role of the Department of Collections be-

---

[6] Taxes levied by the School District are collected by the School Revenue Commissioner. Section 603(b)(1) of the School District's General Business Tax Regulations implemented pursuant to Section 584.7(b) of the Act, 24 P.S. §584.7(b), provides that application for a refund due to overpayment of the tax must be filed within two years of the date of payment thereof. However, the School District did not raise the regulation as an alternative basis for denying the taxpayer's petition for refund until its Answer to the taxpayer's Motion for Summary Judgment. Inasmuch as the regulation was not referred to in the Stipulations, relied on by the Department of Collections or the Board of Tax Appeals, or otherwise made part of the record, the taxpayer filed a Reply Brief arguing that the court below should not consider it. We, as the court below, decline to reach the question of whether the regulation was applicable or appropriately raised in view of a decision which makes consideration of the regulation unnecessary.

ing merely ministerial. And, inasmuch as the section upon which the taxpayer relies pertains only to collections made on behalf of the City, it cannot apply to refunds sought of taxes improperly paid to the School District. Section 19-1703(1), therefore, does not afford a taxpayer of the School District the specific remedy here asserted.

The taxpayer also argues that the School District was substantially fiscally integrated with the City by the "Little Sterling Act", Act of August 9, 1963, P.L. 640, *as amended,* 53 P.S. §§16101-16103.3 and by the 1965 Educational Supplement to the City's Home Rule Charter, 351 Pa. Code §§12.12-100-12.12-503. It is noted that Section 16101 of the Little Sterling Act empowered the city council to authorize the Board to impose taxes subject to the provision of Section 16102 that they be "levied, assessed and collected in accordance with all provisions, restrictions, limitations, and rights of notice and appeal as are applicable to like taxes imposed for city purposes." Section 16103 of the Act, however, provides that:

> Nothing in this act shall be deemed to diminish, limit or qualify any power now or hereafter existing to impose, assess, levy or collect any tax or taxes in the manner or by the agency provided by law.

We believe that the legislature has provided that the School District, when authorized to do so by the City Council, shall levy and collect the general business tax in the manner set forth in the statute. Section 584.2 of the Act, 24 P.S. §584.2. However, in mandating the general business tax, Section 584.12(a) of the Act, 24 P.S. §584.12(a) further provides that:

> The validity of any ordinance providing for or relating to the imposition levy or collection of any tax for municipal purposes passed by

the council of a city coextensive with a school district of the first class, and any amendments or supplements thereto, shall not be affected or impaired by anything contained in this act.

And Section 12-305(a), of the Educational Supplement, 351 Pa. Code §12.12-305(a), provides that "[t]he Board of Education shall levy taxes annually within such limits and upon such subjects as the General Assembly of the Commonwealth or the Council of the City may from time to time prescribe. . . .", while Section 12-305(b) requires, in the event that taxing power has not been bestowed on the School Board, that "[t]he school taxes shall be collected as provided by law, at the same time, in the same manner and with like authority, subject to the same discounts and penalties as other taxes collected in the City." However, Section 12-305(c) states that, "[i]f the General Assembly of the Commonwealth shall enact legislation bestowing taxing power on the Board of Education, *the Board shall levy and collect taxes as provided in the enabling act.*" The legislature, therefore, has given the power to levy and collect the general business tax to the School District "in the manner and at the rate hereinafter set forth", Section 584.2 of the Act, 24 P.S. 584.2, and although its power to impose and collect the tax is operative only upon the authorization of the City Council, the legislature has clearly mandated that the power to impose and collect the tax, through its collector, resides in the School District while Section 12.305(c) of the Educational Supplement recognizes and does not disturb the status quo of such bestowals of taxing power. "The School Board [of the Philadelphia School District] is authorized to levy taxes with the approval of the General Assembly of the Commonwealth or of the City Council under Section 12-305 of the Educa-

tional Supplement to the Home Rule Charter.''
*Mastrangelo v. Buckley,* 433 Pa. 352, 358, n. 3, 250
A.2d 447, 450 n. 3 (1969).

For the foregoing reasons, we will therefore affirm the order of the court below.

ORDER

AND Now, this 9th day of June, 1982, the order of
the Court of Common Pleas of Philadelphia County
in the above-captioned matter is affirmed.

Judge MENCER did not participate in the decision
in this case.

Judge PALLADINO did not participate in the decision in this case.

---

DISSENTING OPINION BY JUDGE ROGERS:

I respectfully dissent. The Educational Supplement to the Philadelphia Home Rule Charter, Section
12-305(b) requires the Philadelphia School Board in
the case of taxes it may levy only when authorized
by City Council to certify the levy to the City of Philadelphia and that the City in turn certify the levy to
the Department of Collections to be collected ''in the
same manner . . . as other taxes collected in the city.''
The General Business tax which is the subject of this
case was authorized by City Council and was collected
by the Department of Collections. The City Council
by ordinance to be found in the City Code, Section
19-1703(1)(a), provides that the Department of Collections may grant a refund, and Section 19-1703(1(b)
that ''every petition for refund of monies collected
by the Department of Collections including, but not
limited to, any tax . . . shall be filed with the Department of Collections within six years from the date of
payment to the City,'' Section 19-1703(1) has priority
over other provisions for refund of taxes authorized

by Council and paid to the Department of Collections. *Tenox Tax Review Board,* 24 D. & C.2d 426 (Phila. 1961).

Further, in cases of doubt the construction of tax statutes should be against the government. *Commonwealth v. Allied Building Credits, Inc.,* 385 Pa. 370, 123 A.2d 686 (1956); and clearly this is a highly doubtful matter.

Finally, the two year provision of the Local Tax Collection Law, Section 1 of the Act of May 21, 1943, P.L. 349, *as amended,* 72 P.S. §5566(b), which the majority holds is controlling, says that the right to refund afforded by that statute "may not be resorted to" if the taxpayer has available a specific remedy for refund, unless the claim for refund is for the recovery of monies paid under a statute subsequently held to be invalid. Section 19-1703(1) of the Philadelphia Code provides a specific remedy for taxes collected by the Philadelphia Department of Collections and the claim here is not based on the invalidity of the General Business Tax.

I would reverse.