IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael T. Pavlinich                          :
                                              :
            v.                                : No. 1973 C.D. 2016
                                              : Submitted:  June 2, 2017
Commonwealth of Pennsylvania,                 :
Department of Transportation,                 :
Bureau of Driver Licensing,                   :
                   Appellant                  :


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                        FILED: June 29, 2017


            The Commonwealth of Pennsylvania, Department of Transportation
(Department), Bureau of Driver Licensing (Bureau), appeals an order of the Court of
Common Pleas of Beaver County (trial court) sustaining Michael T. Pavlinich's
(Licensee) appeal from an additional one-year suspension because the underlying
driving under the influence conviction was a first offense, ungraded misdemeanor
qualifying under Section 3804(e)(2)(iii) of the Vehicle Code, 75 Pa.C.S. §
3804(e)(2)(iii),[1] which prohibits the suspension of driving privileges.  We affirm.

_____

    [1] Section 3804(e) provides, in pertinent part:

          **(e) Suspension of operating privileges upon conviction.--**
**(Footnote continued on next page…)**

**I.**

On April 4, 2014, Licensee was charged with driving under the influence (DUI) of alcohol with a blood alcohol level of 0.16 percent or higher (2014 Offense) pursuant to Section 3802(c) of the Vehicle Code, 75 Pa.C.S. § 3802(c).[2] That offense

_____

**(continued…)**

> (1) The department shall suspend the operating privilege of an individual under paragraph (2) upon receiving a certified record of the individual's conviction of or an adjudication of delinquency for:
>
> > (i) an offense under section 3802; or
>
> > (ii) an offense which is substantially similar to an offense enumerated in section 3802 . . . .
>
> (2) Suspension under paragraph (1) shall be in accordance with the following:
>
> > (i) Except as provided for in subparagraph (iii), 12 months for an ungraded misdemeanor or misdemeanor of the second degree under this chapter.
>
> > (ii) 18 months for a misdemeanor of the first degree under this chapter.
>
> > (iii) **There shall be no suspension for an ungraded misdemeanor under section 3802(a) where the person is subject to the penalties provided in subsection (a) and the person has no prior offense.**

75 Pa.C.S. § 3804(e) (emphasis added).

[2] Section 3802(c) of the Vehicle Code provides, in pertinent part:

> An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is 0.16% or higher within two hours after the individual has

**(Footnote continued on next page…)**

was disposed of when Licensee was accepted into an Accelerated Rehabilitative Disposition (ARD) program,[3] but because Licensee's blood alcohol concentration was higher than 0.16 percent, his driving privileges were suspended for 60 days.[4]

---

**(continued…)**

> driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(c).

[3] Section 3806(a) of the Vehicle Code provides:

> **(a) General rule.--**Except as set forth in subsection (b), the term "prior offense" as used in this chapter shall mean any conviction for which judgment of sentence has been imposed, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition before the sentencing on the present violation for any of the following:
>
> (1) an offense under section 3802 (relating to driving under influence of alcohol or controlled substance);
>
> (2) an offense under former section 3731;
>
> (3) an offense substantially similar to an offense under paragraph (1) or (2) in another jurisdiction; or
>
> (4) any combination of the offenses set forth in paragraph (1), (2) or (3).

75 Pa.C.S. § 3806(a).

[4] Section 3807(d)(3) of the Vehicle Code, 75 Pa.C.S. § 3807(d)(3), requires as a condition of participating in ARD where the defendant's blood alcohol was 0.16% or higher, that the court suspend the defendant's license for 60 days.

On August 29, 2015, Licensee was charged with a second DUI offense (2015 Offense). On March 11, 2016, he pled guilty to driving under the influence of alcohol as a misdemeanor of the first degree in violation of Section 3802(c) of the Vehicle Code, 75 Pa.C.S. § 3802(c). The Clerk of Courts of the Court of Common Pleas of Beaver County (Clerk of Courts) notified the Bureau that Licensee had been sentenced to prison for the 2015 Offense as a "2ND OFF[ENSE]." (Reproduced Record (R.R.) at 41a.) The Bureau imposed an 18-month suspension of Licensee's driver's license effective April 29, 2015. *See* 75 Pa.C.S. § 3804(e)(2)(ii). Licensee did not appeal that suspension.

However, as a result of his DUI conviction, Licensee's ARD for the 2014 Offense was revoked. On July 6, 2016, Licensee was convicted for the 2014 Offense of driving under the influence of alcohol as an ungraded misdemeanor in violation of Section 3802(a)(1) of the Vehicle Code, 75 Pa.C.S. § 3802(a)(1). The Clerk of Courts notified the Bureau that Licensee was sentenced for "1ST OFF[ENSE]" pursuant to Section 3804(a)(1) of the Vehicle Code, 75 Pa.C.S. § 3804(a)(1)[5] and was not sentenced to prison. (R.R. at 35a.)

Licensee was then notified that his operating privileges were suspended for an additional year because, as the Bureau explained, his conviction for the 2015 Offense constituted a "prior offense" to the 2014 Offense conviction under Section

---

[5] Under Section 3804(a)(1) of the Vehicle Code, an individual who violates Section 3802(a) shall be sentenced "**For a first offense**, to:" undergo a mandatory minimum term of six months' probation, pay a $300 fine, attend an alcohol highway safety school approved by the Department, and comply with all drug and alcohol treatment requirements imposed by Sections 3814 and 3815 of the Vehicle Code. 75 Pa.C.S. § 3804(a)(1) (emphasis added).

3806(a) of the Vehicle Code, 75 Pa.C.S. § 3806(a). Licensee timely appealed that suspension to the trial court.

After a *de novo* hearing was held, on November 10, 2016, the trial court found that the conviction for the 2014 Offense constitutes a first offense and sustained Licensee's appeal. This appeal followed.[6]

## II.

On appeal, the Bureau argues that notwithstanding Licensee's acceptance into ARD for the 2014 Offense constituting a "prior offense" to the 2015 Offense conviction, the 2015 Offense conviction must also be deemed a "prior offense" to the 2014 Offense conviction because it happened before the sentencing occurred.[7] As a result, the Bureau seems to be contending that Licensee must serve a

---

[6] This Court's review of a trial court order in an appeal from a license revocation is limited to determining whether the trial court's findings are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion. *Cesare v. Department of Transportation, Bureau of Driver Licensing*, 16 A.3d 545, 548 n.6 (Pa. Cmwlth. 2011).

[7] As pertinent, Section 3806(a) of the Vehicle Code provides:

> **(a) General rule.--**Except as set forth in subsection (b), **the term "prior offense" as used in this chapter shall mean** any conviction for which judgment of sentence has been imposed, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition **before the sentencing on the present violation** for any of the following:
>
> > (1) an offense under section 3802 (relating to driving under influence of alcohol or controlled substance) . . . .

75 Pa.C.S. § 3806(a) (emphases added).

5

12-month suspension even though Section 3804(e)(2)(iii) of the Vehicle Code provides that "[t]here shall be no suspension for an ungraded misdemeanor under section 3802(a) where the person is subject to the penalties provided in [75 Pa.C.S. § 3804(a)] and the person has no prior offense." 75 Pa.C.S. § 3804(e)(2)(iii).[8]

We reject the Bureau's interpretation pursuant to our obligation to construe statutes in a way that avoids absurdity and mischief. 1 Pa.C.S. § 1922; *see also Commonwealth v. Allied Building Credits, Inc.*, 123 A.2d 686 (Pa. 1956). As the trial court cogently, but in a necessarily head-spinning way, explained:

> The Department argues that because the Licensee pled and was sentenced for the "second DUI" before he pled and was sentenced on the "first DUI", that he had a "prior offense" and is ineligible to avoid another suspension pursuant to § 3804(e)(2)(iii) and therefore the Licensee must serve a one year suspension for the "first DUI" pursuant to § 3804(e)(2)(iii). This Court does not agree and believes the Department's position would bring about an unreasonable, and to a certain extent, "absurd" result, to wit: treating the same DUI as a first offense in one instance to enhance the license suspension for the "second DUI", then later treating the "first DUI" as a second offense by declaring the "second DUI" to be a prior conviction.
>
> There is no dispute that the plea and sentence for the "second DUI" occurred prior to the plea and sentence for the "first DUI". However the Department's application of §

---

[8] In support of treating the 2014 Offense as creating two separate "prior offenses," the Bureau places emphasis on our Court's unreported decision, *Kocis v. Department of Transportation, Bureau of Driver Licensing,* (Pa. Cmwlth., No. 31 C.D. 2016, filed Aug. 3, 2016). In that case, a licensee attempted to avoid the suspension of his driving privileges altogether by contending that recently amended Section 3806(a) of the Vehicle Code cannot be applied retroactively to prior conduct. That decision is inapplicable because the issue here is how to deal with a DUI conviction for an offense for which the licensee has previously been accepted into ARD.

6

3806 completely ignores the fact that the "first DUI", as an ARD, had already been considered a "prior offense", which caused the "second DUI" to be a second offense. Now the Department wants the "first DUI" to be considered a second offense.

\* \* \*

In the case at bar, the record reflects that Licensee's ARD in the "first DUI" was designated as the "prior offense", which caused the "second DUI" to be subject to an elevated grading and a more lengthy (18 month as opposed to 12 month) license suspension as a second offense. The Department's position is that now the "second DUI" is the "prior offense" for the "first DUI". The result being that the "first DUI" (as an ARD) subjected the Licensee to an 18 month suspension (as opposed to 12 months) by making it his "second DUI" and now the "first DUI" is not being categorized as a first offense and therefore subjecting the Licensee to an additional suspension as a "de facto" second offense. Further, if the Licensee had withdrawn from the ARD program immediately after being charged with the "second DUI", and then immediately pled and was sentenced on the "first DUI", then he would not have received a license suspension for the "first DUI" because his plea in the "first DUI" was to an offense charged under 75 Pa.C.S. § 3802(a)(1), which does not result in a license suspension. Based on the timing of the plea and sentence, and not the actions of the Licensee, the Department is imposing an additional 12 month suspension even though the timing of the plea and sentence did not enhance or impact the way the "first DUI" was treated in the criminal prosecution.

This Court respectfully submits that the Department's proposed interpretation of the statute would allow them [sic] to alternate the offenses to bring about an enhanced suspension which leads to an unreasonable result which could not have been intended by the General Assembly. Accordingly, this Court submits that the Licensee qualifies under 75 Pa.C.S. § 3804(e)(2)(iii) to have no additional suspension of his driving privileges imposed for his "first DUI".

7

(Trial Court's 1925 Opinion at 4-5.)

Accordingly, the order of the trial court is affirmed.

_____
DAN PELLEGRINI, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael T. Pavlinich        :
                                   :
           v.              : No. 1973 C.D. 2016
                                   :
Commonwealth of Pennsylvania,   :
Department of Transportation,     :
Bureau of Driver Licensing,       :
             Appellant      :

# **O R D E R**

AND NOW, this 29th day of June, 2017, the order of the Court of Common Pleas of Beaver County dated November 10, 2016, is affirmed.

_____
DAN PELLEGRINI, Senior Judge