Hazleton National Bank, Appellant, *v.* Commonwealth of Pennsylvania, Appellee.

Argued June 6, 1973, before President Judge BowMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Alphonsus R. Romeika,* with him, of counsel, *Romeika, Fish & Scheckter,* for appellant.

*Edward T. Baker,* Deputy Attorney General, for appellee.

OPINION BY PRESIDENT JUDGE BOWMAN, August 1, 1973:

We are presently concerned with a collateral issue to an appeal by the Hazleton National Bank ("Bank") of Hazleton, Pennsylvania, from an order of the Board of Finance and Revenue sustaining the denial of a petition for refund for payment of sales or use taxes. The issue before us is not the Bank's entitlement to the refund it originally sought before the taxing authorities and the Board; in its brief the Commonwealth concedes that there is now no question to the Bank's right to a refund.[1] Instead we must resolve a dispute over the amount of the refund raised by the Bank's attempted amendment of a paragraph in its Appeal and Specification of Objections substantially increasing the amount of the claimed refund.

The record discloses that the Hazleton National Bank is a National Bank established on February 1, 1890, pursuant to 12 U.S.C.A. §21 et seq. (1945). On September 20, 1966, the Bank filed a petition pursuant to Section 553 of the Tax Act of 1963 for Education, Act of March 6, 1956, P. L. (1955) 1228, as amended, 72 P.S. §3403-553,[2] seeking refund of taxes allegedly assessed and paid contrary to Federal law. The petition requested a refund of $167.46—$6.15 for the period July 1, 1965 to September 30, 1965; $86.32 for the period October 1, 1965, to December 31, 1965; and $74.99 for the period January 1, 1966, to June 30, 1966. The claim for refund was denied in an order dated March 28, 1967. The Bank then petitioned the Board of Finance and Revenue ("Board") for a review of the Department of Revenue's decision pursuant to Section

---

[1] See *First Agricultural National Bank of Berkshire County v. State Tax Commission*, 392 U.S. 339 (1968).

[2] Section 553 was subsequently repealed by the Act of March 4, 1971, P. L. 6, §280, 72 P.S. §7280.

554 of the Tax Act of 1963 for Education, 72 P.S. §3403-554.[3] The Board by an order dated October 18, 1967, sustained the denial of the refund. This established the basis for a de novo appeal to the Dauphin County Court pursuant to Section 555 of the Tax Act of 1963 for Education, 72 P .S. §3403-555,[4] and Section 1104 of The Fiscal Code, Act of April 9, 1929, P. L. 343, as amended, 72 P.S. §1104, incident to which it filed its original Specification of Objections seeking refund of taxes in the above amount.

The appeal was transferred to this Court pursuant to Section 13 of The Commonwealth Court Act of January 6, 1970, P. L. (1969) 434, 17 P.S. §211.13,[5] where it remained dormant until January 18, 1973, when the Bank filed an amendment of its Specification of Objections as follows: "The amount of refund claimed by the Appellant for period 1962 is $2,437.34, for 1963 $3,671.66, 1964 $4,303.77 and for period January 1 to February 1, 1965 $431.59." This increased the amount of the claimed refund from $167.46 to $11,011.82.

The Commonwealth submits that there is no authorization for either the granting of the additional refund or for the amendment. It can be argued, however, that the Bank is not amending its appeal—it is attempting to amend its pleadings. "The specification of objections referred to in this statute [i.e., §1104 of The Fiscal Code, 72 P.S. §1104] is to be regarded as a pleading." *Commonwealth of Pennsylvania v. Ford Motor Company,* 51 Dauph. 149, 151, 45 Pa. D. & C. 492, 495 (1941), *aff'd on other grounds,* 350 Pa. 236, 38 A. 2d

---

[3] Both Sections 554 and 555 were subsequently repealed by the Act of June 3, 1971, P. L. 118, §2 (§509(g)(53)), 17 P.S. §211.509 (g)(53), as well as by the Act of March 4, 1971, P. L. 6, §280, 72 P.S. §7280.

[4] See footnote 3.

[5] Repealed in part by Section 509(d) of the Act of July 31, 1970, P. L. 673, 17 P.S. §211.509(d).

329 (1944), *appeal dismissed,* 324 U.S. 827 (1945), *rehearing denied,* 324 U.S. 890 (1945).

Insofar as the time of amending pleadings is concerned, it has been stated that "amendments should be allowed with great liberality at any stage of the case, unless, of course, they violate the law or prejudice the rights of the opposing party [citations omitted]. . . ." *Arzinger v. Baughman,* 348 Pa. 84, 86, 34 A. 2d 64, 65 (1943).

Although specification of objections required to be filed in perfecting an appeal under Section 1104 of The Fiscal Code, 72 P.S. §1104, is generally regarded as a pleading, it cannot be amended to circumvent specific limitations imposed by the statutory law upon one's entitlement to a refund of taxes. The refund of taxes voluntarily paid is a matter of legislative grace and not a right. *Universal Film Exchanges, Inc. v. Board of Finance and Revenue,* 409 Pa. 180, 185 A. 2d 542 (1962), *cert. denied,* 372 U.S. 958 (1963).

Section 554 of the Tax Act of 1963 for Education, 72 P.S. §3403-554, provides, *inter alia,* that "[u]nder no circumstances may the Board of Finance and Revenue authorize a refund greater than that originally applied for by the petitioner." Although this restriction pertains to review by the Board of Finance and Revenue, when considered together with Section 1104 of The Fiscal Code, we agree with the Commonwealth's contention that the proposed amendment is not permitted. Section 1104 clearly states that "no questions shall be raised by the appellant that were not brought to the attention of the department making the settlement, or in the application for resettlement, or petition for review prior to the appeal, and set forth in the specification of objections contained in the affidavit accompanying the appeal, unless the court shall be satisfied that the appellant was unable, by the exercise of reasonable diligence, to have raised such questions be-

fore the department making the settlement and the Board of Finance and Revenue, and no questions shall be raised which are not included in the specification of objections filed as hereinbefore provided." The additional amounts of tax paid in 1962, 1963, 1964 and in the period January 1 to February 1, 1965, were *not* raised in any of the administrative proceedings, nor were they included in the Appeal and Specification of Objections as originally filed by the Bank. *See Commonwealth v. Western Maryland Railway Company*, 90 Dauph. 251 (1969), *aff'd on other grounds*, 435 Pa. 525, 257 A. 2d 530 (1969). An attempted change in the amount of taxes for which refund is sought cannot be viewed simply as an amendment of a pleading in tax cases. Finally, nothing has been brought to this Court's attention that in any way suggests that the Bank was "unable, by the exercise of reasonable diligence," to have raised these questions of retroactive refund entitlement in the prior administrative proceedings. *Accord, Commonwealth v. Sherwin Equipment, Inc.*, 89 Dauph. 330, 45 Pa. D. & C. 2d 587 (1968).

For these reasons, we hereby sustain the Commonwealth's objection to Hazleton National Bank's proposed amendment of Paragraph 7 of its Appeal and Specification of Objections and direct that the same be stricken from the record in this appeal.