House of Pasta, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Respondent.

Submitted on briefs, June 20, 1978, to President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT and DISALLE.

*Shertzer & Gray,* for petitioner.

*R. Scott Shearer,* Deputy Attorney General, for respondent.

OPINION BY PRESIDENT JUDGE BOWMAN, August 24, 1978:

At issue are cross motions by the Commonwealth to quash a petition for review and by petitioner for leave to file a more specific petition for review.

Considering itself aggrieved by a reassessment of sales and use tax made against it by the Board of Finance and Revenue (Board), the House of Pasta, Inc., on January 25, 1978, submitted an "appeal" to this Court and was advised that tax appeals were subject to the Pennsylvania Rules of Appellate Procedure (Rules) requiring the appeal to be in the form of a petition for review. Petitioner promptly resubmitted a petition for review, and it was filed to the originally preserved filing date. The petition for review, proper in form as to its heading and the identity of the governmental action from which the appeal was taken, simply recites that petitioner seeks to set aside the order because the Board lacks statutory authority to adopt it, and that the order was not supported by substantial evidence. This language is merely a restatement of that contained in the suggested form of petition for review found in Pa.R.A.P. 1518 pertaining to appeals from state administrative agencies. It gives little heed to the provisions of Pa.R.A.P. 1513 requiring petitions for review to set forth a general state-

ment of objections to the order appealed from and ignores the note to Pa.R.A.P. 1519 which cautions the reader that tax appeals, being unique because of their de novo status on appeal, require special consideration as to the amount of detail required in the petition for review.[1]

Prior to adoption of the Rules, the practice and procedures for judicial review of tax appeals were prescribed by Section 1104 of The Fiscal Code (Code), Act of April 9, 1929, P.L. 343, *as amended,* 72 P.S. §1104.[2]

On July 1, 1976, the effective date of the Rules, subsection (c) of Section 1104 was suspended absolutely, Pa.R.A.P. 5105(a), but subsection (d) is not deemed to have been suspended or affected, Pa.R.A.P. 5106(3). The uncertain dichotomy between Pa.R.A.P. 1513,

---

[1] The Note to Pa.R.A.P. 1519 comments:

It is intended that these rules will not change the practice in connection with the review of orders of the Board of Finance and Revenue in tax matters insofar as the amount of detail in the pleadings is concerned and therefore a petition for review which would have satisfied the requirements of former Commonwealth Court Rule 21 in a tax matter will be adequate under these rules.

[2] The pertinent subsections of Section 1104 provide:

§1104. Appeal to courts

. . . .

(c) Except as otherwise provided by general rule or rule of the Commonwealth Court:

(1) The appeal shall be in such form as shall be prescribed for the entry of an appeal to the Commonwealth Court from an order of a court of common pleas.

(2) Within sixty (60) days after the filing of an appeal, the party appealing shall file with the Commonwealth Court a specification of objections to the settlement, resettlement or other decision, as the case may be.

(3) Such specification of objections may be filed by the party appellant or his or its attorney and need not be verified.

1518 and the saved subsection (d) of Section 1104 underlies the issues posed in these cross motions.

De novo judicial review of tax appeals continues, Section 1104(d), but characterizing the issues on appeal as specification of objections is no longer necessary as subsection (c) of Section 1104 has been suspended. Nor, if we are to afford applicability of Pa. R.A.P. 1513 to tax appeals, need the questions on appeal be particularized with the nicety heretofore required. On the other hand, as questions not raised before the taxing authorities and the Board may not be raised on judicial review, Section 1104(d), reconciliation of this substantive statutory law provision with the practice and procedures prescribed by the Rules is not easy.

In its motion to quash, the Commonwealth advances two arguments. It first argues that because issues not

---

(4) Conformed copies of such specification of objections indicating the date on which it was filed, shall immediately be forwarded to the Department of Justice and to the Department of Revenue.

(d) Appeals taken hereunder shall be hearings de novo, and no questions shall be raised by the appellant that were not brought to the attention of the department making the settlement, or in the application for resettlement, or petition for review prior to the appeal, and set forth in the specification of objections unless the court shall be satisfied that the appellant was unable, by the exercise of reasonable diligence, to have raised such questions before the department making the settlement and the Board of Finance and Revenue, and no questions shall be raised which are not included in the specification of objections filed as hereinbefore provided.

(e) The Commonwealth may raise any question on appeal, although no appeal has been filed by it, and may introduce any facts in support of its settlement or in correction thereof, provided notice of twenty (20) days is given the appellant prior to trial of the intention of raising such new questions or presenting new facts.

raised below may not be raised on de novo judicial review, specificity of (objections) questions in issue remains as a *statutory* mandate which cannot be abridged by rules of procedure nor by a court in exercise of its discretionary power to allow amendments to pleadings. While we agree with the premise of this argument, we do not agree that specificity of questions in issue remains or must remain—if it ever was— a statutory mandate; nor that it is beyond the power of a court to allow an amendment to a petition for review in a de novo tax appeal consistent with but within the limitations as prescribed by subsection (d) of Section 1104.

The line of cases cited by the Commonwealth does not, in our opinion, support its argument. None of them deals with need for specificity per se. One group of the cited cases addresses itself to whether a particular issue raised in the specifications had been raised before the taxing authorities, *Commonwealth v. John Wanamaker,* 92 Dauph. 247 (1970); *Commonwealth v. Western Maryland Railway Co.,* 90 Dauph. 251 (1969); or raised before the taxing authorities but not raised in the specification of objections, *Commonwealth v. Philadelphia Gas Works,* 25 Pa. Commonwealth Ct. 66, 358 A.2d 750 (1976). The second group addresses itself to the issue of whether amendment to specification of objections may be had under the "reasonable diligence" exception contained in subsection (d) of Section 1104 which is still in effect. *Hazleton National Bank v. Commonwealth,* 10 Pa. Commonwealth Ct. 366, 308 A.2d 195 (1973), *aff'd per cur,* 460 Pa. 474, 333 A.2d 871 (1975); *Commonwealth v. Sherwin Equipment, Inc.,* 89 Dauph. 330 (1968); *Commonwealth v. Colonial Trust Co.,* 49 Dauph. 377 (1940). These decisions denied the right to amend. The one exception is *Commonwealth v. C. F. Manbeck, Inc.,* 84

Dauph. 78 (1965), which allowed an amendment as within the framework of the "reasonable diligence" provisions of Section 1104(d) and in doing so, observed that its language "is not altogether mandatory and ... the Court, in the exercise of its discretion, may allow an amendment when the appellant establishes that he could not, by the exercise of reasonable diligence, have raised the question which he now proposes to introduce during the prior administrative proceedings." *Manbeck, supra* at 80.

While these decisions have continued vitality in interpretation of the provisions of subsection (d) of Section 1104 which remains in effect, they are not dispositive of the issue before us. We are not here confronted with a taxpayer's attempt to amend its issues raised on appeal to include an issue not raised before the taxing authorities nor with an attempt by taxpayer to invoke the "reasonable diligence" provision of the statute. We are faced with the issue of the petitioner's attempt to remedy a serious pleading deficiency. We find no jurisdictional limitation upon our authority to entertain and act upon such an application and to grant relief in appropriate cases.[3]

Should we, therefore, in the exercise of our discretion, allow the amendment sought? The Commonwealth urges us not to do so and to require the proceedings to go forward upon the issues raised in the petition for review as originally filed. As noted above, the first issue raised in the petition for review as originally filed asserts the want of substantial evidence to support the Board's order. As petitions for review

---

[3] It should also be noted that Pa.R.A.P. 1517 provides that unless otherwise prescribed in these rules, practice and procedure under Chapter 15 relating to pleadings shall be in accordance with appropriate Pennsylvania Rules of Civil Procedure, which do recognize and provide for amendment of pleadings. *See* Pa.R.C.P. No. 1033.

in the nature of tax appeals are heard de novo on judicial review, it is self-evident that there can be no such issue on appeal. The second issue raised in the petition as originally filed asserts that the Board lacked the statutory authority to adopt the disputed order. It is possible but unlikely that petitioner intended to raise such an issue or that it could be successfully advanced. From the contents of petitioner's motion to amend the stated issues or questions on appeal, it is equally evident that such issues were not intended to be raised but rather the timeliness of sales and use tax assessments made by the taxing authorities and related issues arising out of the questioned assessments.

In seeking our indulgence, petitioner points out that it used the form prescribed for petitions for review not requiring a notice to plead (Pa.R.A.P. 1518) because Pa.R.A.P. 1513(d) states that appeals from determinations of the Board should not contain a notice to plead and that the Note to Pa.R.A.P. 1519, if inconsistent, must give way to the specificity of Pa. R.A.P. 1513(d) and 1518. We do not find the Note to be inconsistent.

Slavish adherence to forms whether they be found in legal treatises or judicial rules of procedure have long been a trap for the unwary and mistaken reliance upon such forms has generally been unpersuasive as the reason for allowing amendments to pleadings. It is only because of the unique nature of tax appeals to this Court and the problems posed by incorporating this uniqueness into the Rules of Appellate Procedure applicable to the broad sweep of our jurisdiction and that of the Supreme and Superior Courts that we are persuaded to grant relief even though the Rules have been in effect for better than two years. We shall, therefore, allow the petitioner's motion before us and

deny the Commonwealth's motion. In doing so, however, motions made by petitioners in tax appeals for the same or similar reasons after this opinion has been published and a period of two months thereafter will be denied as indulgence for the reasons advanced by petitioner must stop.

Judge CRUMLISH, JR. concurs in the result only.

ORDER

Now, August 24, 1978, the motion of the Commonwealth is denied. The motion of petitioner is granted and it shall file within thirty (30) days hereof an amended petition for review setting forth the questions in issue as set forth in its petition for leave to file a more specific petition for review.