The Hahnemann Medical College and Hospital of Philadelphia, Petitioner v. Commonwealth of Pennsylvania, Respondent.

Argued June 3, 1980, before President Judge CRUMLISH and Judges MENCER, ROGERS, BLATT, CRAIG, MACPHAIL and WILLIAMS, JR. Judge WILKINSON, JR. did not participate.

*Abraham C. Reich,* of counsel, *Fox, Rothschild, O'Brien & Frankel,* for petitioner.

*Vincent J. Dopko,* Deputy Attorney General, for respondent.

OPINION BY JUDGE ROGERS, July 8, 1980:

The Hahnemann Medical College and Hospital of Philadelphia (Hahnemann) has appealed from an order of the Board of Finance and Revenue (Board) denying Hahnemann's petition for refund of a realty transfer tax paid by Hahnemann under protest pursuant to The Realty Transfer Tax Act, Act of December 27, 1951, P.L. 1742, §1 et seq., *as amended,* 72 P.S. §3283 et seq.

Our review of this matter is *de novo.* Section 1104(d) of The Fiscal Code, Act of April 9, 1929, P.L.

343, *as amended,* 72 P.S. §1104(d). The pertinent facts which have been stipulated and which we hereby adopt, are as follows:

1. The Hahnemann Medical College and Hospital of Philadelphia ("Hahnemann") is a Pennsylvania non-profit corporation providing health care and medical teaching facilities and is exempt from the imposition of real estate taxes pursuant to 72 P.S. §5020-204(a)(3).

2. The Pennsylvania Higher Education Facilities Authority ("PHEFA") is a public corporation and a government instrumentality of the Commonwealth of Pennsylvania, created pursuant to The Pennsylvania Higher Education Facilities Authority Act of 1967, P.L. 687, §1, et seq., 24 P.S. §5501 et seq., to assist institutions of higher learning by providing educational facilities 'for the benefit of the people of the Commonwealth' and 'for the increase of their wealth and prosperity'.

3. In 1975 Hahnemann and PHEFA entered into an agreement for the purpose of financing the construction of improvements to Hahnemann's educational facilities.

4. To accomplish this financing, PHEFA floated its Eighth Series College Revenue Bonds to the public and provided $6,705,000 for Hahnemann's project from the proceeds of these bonds. PHEFA issued these bonds in accordance with and subject to the provisions of a Trust Identure dated as of January 1, 1969 between PHEFA and the Mellon National Bank and Trust Company (now known as Mellon Bank, N.A.) as trustee, which trust indenture was supplemented by the Eighth Supplemental Indenture between PHEFA and Mellon Bank, dated as of October 1, 1975. True copies of the

Trust Indenture, dated as of January 1, 1969, and the Eighth Supplemental Indenture, dated as of October 1, 1975, are attached hereto [and] incorporated herein by reference (hereinafter referred to as the 'trust indenture') . . . .

5. Pursuant to the terms of the trust indenture, Hahnemann conveyed title to Hahnemann's hospital facilities at 230 North Broad Street, Philadelphia, Pennsylvania (the 'property'), to PHEFA, on or about October 29, 1975. A true copy of the deed reflecting the transfer of the property is attached hereto [and] made a part hereof . . . .

6. In accordance with the terms of the financing between Hahnemann and PHEFA, Hahnemann and PHEFA entered into a two-part standard lease agreement, dated as of September 4, 1975. A true copy of the lease agreement is attached hereto [and] incorporated herein by reference (hereinafter referred to as 'the lease') . . . .

7. Pursuant to the terms of the financing, PHEFA assigned all its right, title and interest in the lease to Mellon Bank, N.A. A true copy of the assignment, dated September 29, 1975, is attached hereto [and] incorporated herein by reference . . . .

8. Although Hahnemann conveyed title to the property to PHEFA in order to meet the terms of PHEFA's arrangement with the Mellon Bank, N.A., Hahnemann remained at all times in possession of the property and was responsible for its maintenance and operation.

9. Both the trust indenture and the lease provided for reconveyance of the property to Hahnemann upon repayment of the debt.

10. Although Hahnemann claimed an exemption from real estate transfer tax, the Recorder of Deeds refused to accept the deed conveying the property to PHEFA unless $67,050 in transfer tax was paid to the Commonwealth of Pennsylvania. Under protest, Hahnemann paid the tax.

11. Hahnemann timely filed a petition for refund of tax paid with the Board of Finance and Revenue of the Commonwealth of Pennsylvania, a true copy of which is attached hereto [and] made a part hereof . . . .

12. On August 31, 1976, the Board of Finance and Revenue denied the petition by a vote of 3-2 with the Secretary of the Commonwealth and the State Treasurer dissenting. A true copy of the Order of the Board of Finance and Revenue is attached hereto [and] made a part hereof . . . .

13. On September 28, 1976, Hahnemann timely filed a petition for review of the Board's decision with the Commonwealth Court of Pennsylvania.

### DISCUSSION

The Realty Transfer Tax Act (Act) subjects any "document" presented for recording to a tax of one percent of the value of the property represented by such document. Section 3 of the Act, 72 P.S. §3285. A document is defined in pertinent part in Section 2 of the Act, 72 P.S. §3284, as

[a]ny deed, instrument or writing whereby any lands, tenements or hereditaments within this Commonwealth or any interest therein shall be quitclaimed, granted, bargained, sold, or otherwise conveyed to the grantee, purchaser, or any other person, but does not include . . . mort-

gages, . . . transfers to . . . the Commonwealth of Pennsylvania, or any of [its] instrumentalities, agencies or political subdivision, by . . . dedication . . . [or] a conveyance to a trustee under a recorded trust agreement for the express purpose of holding title in trust as security for a debt contracted at the time of the conveyance under which the trustee is not the lender and requiring the trustee to make reconveyance to the grantor-borrower upon the repayment of the debt.

Hahnemann contends that its transaction with PHEFA falls within any one of the three exclusions[1] from taxable documents listed above. As we believe that the deed given by Hahnemann to PHEFA was a mortgage, we need discuss only the mortgage exclusion.

The Commonwealth contends initially that Hahnemann is precluded from arguing that its deed to PHEFA was a mortgage due to Hahnemann's failure to raise this issue by one of the means provided in Section 1104(d) of The Fiscal Code, 72 P.S. §1104(d). We disagree. Section 1104(d) allows this Court to consider any question which has been raised, *inter alia,* in the petition for review filed in this Court. *Id.*[2]

---

[1] The language "does not include" employed in the definition of a document in Section 2 of the Act establishes an exclusion rather than an exemption. *See Tyger & Karl Complete Water Systems Co. v. Commonwealth,* 5 Pa. Commonwealth Ct. 154 (1972). Exclusions are to be strictly construed against the Commonwealth. *Commonwealth v. Sitkin's Junk Co.,* 412 Pa. 132, 141-2, 194 A.2d 199, 204 (1963). Hahnemann's burden of proving its right to an exclusion therefore is not as heavy as if it were attempting to establish its right to an exemption. *Tyger & Karl Complete Water Systems Co. v. Commonwealth,* 5 Pa. Commonwealth Ct. at 163.

[2] *See House of Pasta, Inc. v. Commonwealth,* 37 Pa. Commonwealth Ct. 317, 390 A.2d 341, (1978) for a discussion of the dichotomy between the Rules of Appellate procedure and Section 1104(d). of The Fiscal Code.

Although Hahnemann did not use the term mortgage in its petition for review, the petition does allege that the Board erred in holding Hahnemann liable for the transfer tax because The Realty Transfer Tax Act excludes a "transaction where real property is transferred solely for the purposes of serving as security, and where no sale is intended." This language is a succinct definition of a mortgage. *See e.g., Winthrop v. Arthur W. Binns, Inc.,* 160 Pa. Superior Ct. 214, 216, 50 A.2d 718, 719 (1947) ; Ladner on Conveyancing in Pennsylvania §12.01 (4th ed. 1979). Therefore, the question of whether or not Hahnemann's deed to PHEFA was a mortgage is properly before us.

A mortgage is in essence a defeasible deed, requiring the grantee to reconvey the property held as security to the grantor upon satisfaction of the underlying debt or the fulfillment of established conditions. *Payne's Administrator v. Patterson's Administrator,* 77 Pa. 134, 137 (1874). The stipulation of facts, now our own findings of fact, reveal that the transaction between Hahnemann and PHEFA falls squarely within this concept. Simply put, PHEFA provided funds to Hahnemann, in return for which Hahnemann conveyed title to certain property to PHEFA. The deed given by Hahnemann to PHEFA expressly incorporated by reference and made the deed subject to a lease between Hahnemann and PHEFA. The lease in turn explicitly requires PHEFA to reconvey the properties to Hahnemann upon repayment by Hahnemann of the monies loaned to it by PHEFA. The fact that the defeasance—the requirement of reconveyance upon satisfaction of the debt—is set forth in a document incorporated by reference into the deed does not alter the fact that the transaction between Hahnemann and PHEFA was in form and in substance a mortgage. *Pearce v. Wilson,* 111 Pa. 14, 21-22, 2 A. 99, 101-02 (1885).

The Commonwealth argues, however, that the deed on its face is absolute and cannot now be converted into a mortgage. Our discussion above evidences our disagreement with this contention. Nevertheless, even if the Commonwealth's contention that the deed is absolute on its face is accepted, the transaction between Hahnemann and PHEFA would still be a mortgage. A deed absolute on its face may be transformed into a mortgage by a defeasance which is in writing, signed and delivered by the grantee in the deed to the grantor. Act of June 8, 1881, P.L. 84, §1, *as amended,* 21 P.S. §951. *See also* Ladner, *supra* at §12.11. The lease existing between Hahnemann and PHEFA providing, *inter alia,* for defeasance of the property in question upon repayment of monies, satisfies the Act of June 8, 1881, thus rendering the deed a mortgage.[3]

Finally, Hahnemann asks us to award it interest on its refund if we should find it is entitled to a refund. Hahnemann relies on *Cities Service Oil Co. v. Pittsburgh,* 449 Pa. 481, 297 A.2d 466 (1972), for the proposition that interest may be awarded on claims for refund of taxes. Hahnemann's reliance however, is misplaced. *Cities Service* held only that interest may be awarded on a successful claim for a refund of taxes where the taxing authority is a municipality, rather than the State. In the instant case, the State is the taxing authority. Section 3 of The Realty

---

[3] The Act of June 8, 1881, prior to its amendment in 1909 provided that no defeasance to any deed regular and absolute on its face should have the effect of reducing it to a mortgage, unless the defeasance was in writing, signed, sealed, acknowledged, delivered to the grantor and recorded within sixty (60) days. The amendatory Act of April 23, 1909, P.L. 137 did away with the requirement of acknowledgment and recording as a condition of effectiveness of the defeasance as between the parties but retained them for the protection of subsequent grantees and mortgagees. *See In Re Evergreen Memorial Park Ass'n,* 308 F.2d 65, 68 (3rd Cir. 1962) ; Ladner on Conveyancing in Pennsylvania, *supra* at §12.11.

Transfer Tax Act, 72 P.S. §3285. Thus this case is controlled by *Purdy Estate,* 447 Pa. 439, 291 A.2d 93 (1972), which held that the State is not liable for interest unless a statute or contract, reasonably construed, provides for such liability. *See also Commonwealth v. Philadelphia Gas Works,* 25 Pa. Commonwealth Ct. 66, 71, 358 A.2d 750, 753 (1976). No such statutory provision or contract authorizing the payment of interest on Hahnemann's claim is present here.

Therefore, we make the following

### Conclusions of Law

1. The conveyance of hospital facilities located at 230 North Broad Street, Philadelphia, Pennsylvania, by Hahnemann Medical College and Hospital of Philadelphia (Hahnemann) to the Pennsylvania Higher Education Facilities Authority (PHEFA) was made as security for funds in the amount of §6,705,000 loaned to Hahnemann by PHEFA.

2. The conveyance described in paragraph 1 was defeasible upon repayment of the $6,705,000 by Hahnemann to PHEFA in accordance with the agreement of the parties.

3. The conveyance described in paragraph 1 was in form and substance a mortgage.

4. A mortgage is excluded from The Realty Transfer Tax Act, 72 P.S. §3283 by operation of Section 2 of The Realty Transfer Tax Act, 72 P.S. §3284.

5. The Board of Revenue and Finance erred in sustaining the realty transfer tax assessment in question.

6. The appeal of Hahnemann should be sustained.

### Order

And Now, this 8th day of July, 1980, the appeal of Hahnemann Medical College and Hospital of Philadelphia from the decision of the Board of Finance and

Revenue refusing its petition for refund of the realty transfer tax in the amount of $67,050.00 paid by Hahnemann Medical College and Hospital of Philadelphia in connection with its conveyance of property located at 230 North Broad Street, Philadelphia, Pennsylvania to the Pennsylvania Higher Educational Facilities Authority is sustained. Judgment in favor of Hahnemann Medical College and Hospital of Pennsylvania in the amount of $67,050.00 is hereby directed to be entered unless exceptions hereto are filed within thirty (30) days of the filing of this order, as provided by law.

Judge MENCER dissents.