J-A03034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| HSBC BANK USA, NATIONAL ASSOC AS TRUSTEE FOR THE HOLDERS OF THE CERTIFICATES ISSUED BY DEUTCHE ALT-A SECURITIES MORTGAGE LOAN TRUST SERIES 2007-ARI | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PATRICK CARNEY | |
| Appellant | No. 877 EDA 2015 |

Appeal from the Judgment Entered May 5, 2015
In the Court of Common Pleas of Delaware County
Civil Division at No(s): 10-010108

BEFORE:  GANTMAN, P.J., MUNDY, J., and DUBOW, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED APRIL 05, 2016**

Appellant, Patrick Carney, appeals *pro se* from the judgment entered in the Delaware County Court of Common Pleas, in favor of Appellee, HSBC Bank, in this mortgage foreclosure action.  We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case.  We add Appellant timely filed post-trial motions *pro se* on March 6, 2015, which the court denied on March 11, 2015.  Appellant filed a *pro se* notice of appeal on March 23, 2015.[1]  The

_____

[1] Ordinarily, an appeal properly lies from the entry of judgment, not from the order denying post-trial motions.  ***See generally Johnston the Florist,***
*(Footnote Continued Next Page)*

court ordered Appellant on March 25, 2015, to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely filed his Rule 1925(b) statement *pro se* on April 13, 2015. On May 5, 2015, the court entered judgment in favor of Appellee. Thereafter, on August 3, 2015, this Court quashed Appellant's separate appeal at docket No. 838 EDA 2015 without prejudice to Appellant to raise any issues pertaining to the foreclosure action within the context of the current appeal at docket No. 877 EDA 2015.

Appellant raises the following issues for our review:

> DID THE [TRIAL] COURT COMMIT AN ERROR OF LAW AND ABUSE ITS DISCRETION WHEN IT DID NOT CONSIDER THE CUMULATIVE EFFECT OF THE NUMEROUS INTENTIONAL DECEITS AND MISREPRESENTATIONS OF [APPELLEE] AND ITS VARIOUS COUNSELS, THEREBY DEPRIVING THE [TRIAL] COURT OF JURISDICTION TO HEAR THE MATTER WHEN APPELLEE DID NOT HAVE STANDING TO INVOKE THE COURT'S JURISDICTION AND DEPRIVE APPELLANT OF HIS PROPERTY RIGHTS?

*(Footnote Continued)* ———————————

**Inc. v. TEDCO Constr. Corp.**, 657 A.2d 511, 516 (Pa.Super. 1995) (*en banc*). Nevertheless, a final judgment entered during pendency of an appeal is sufficient to perfect appellate jurisdiction. **Drum v. Shaull Equipment and Supply, Co.**, 787 A.2d 1050 (Pa.Super. 2001), *appeal denied*, 569 Pa. 693, 803 A.2d 735 (2002). Here, Appellant filed a *pro se* notice of appeal prematurely on March 23, 2015, prior to the entry of judgment. The court entered final judgment on May 5, 2015. Thus, Appellant's notice of appeal relates forward to May 5, 2015, the date judgment was entered. **See** Pa.R.A.P. 905(a) (stating notice of appeal filed after court's determination but before entry of appealable order shall be treated as filed after such entry and on day of entry). Hence, there are no procedural/jurisdictional impediments to our review.

DID THE [TRIAL] COURT MAKE AN ERROR IN FACT AND AN ERROR OF LAW IN FAILING TO UPHOLD PA.R.C.P. 2002 BY IGNORING GOVERNMENT-CERTIFIED AND AUTHENTICATED EVIDENCE, THAT THE TRIAL COURT ADMITTED, WHICH CLEARLY ESTABLISHES APPELLEE LACKED STANDING AND WAS THEREFORE NOT A REAL PARTY IN INTEREST?

DID THE [TRIAL] COURT MAKE AN ERROR IN FACT AND AN ERROR IN LAW WHEN [MS. ROMANO] ROBO-SIGNED APPELLANT'S ASSIGNMENT OF MORTGAGE?

DID THE [TRIAL] COURT ABUSE ITS DISCRETION AND SHOW BIAS IN FAVOR OF APPELLEE, THEREBY DEPRIVING APPELLANT HIS RIGHT OF DUE PROCESS TO A FAIR AND EQUITABLE TRIAL?

(Appellant's Brief at 3-4).

As a preliminary matter, we note Appellant proceeds in this appeal *pro se*. While this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. **Strawn v. Strawn**, 664 A.2d 129 (Pa.Super. 1995). **See also Cole v. Czegan**, 722 A.2d 686, 687 (Pa.Super. 1998) (stating *pro se* status does not entitle appellant to any particular advantage because appellant lacks legal training). "[A]ppellant has a duty to file a comprehensible brief and to raise and develop properly his appellate issues." **Cole, supra**. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of Court. **Jones v. Rudenstein**, 585 A.2d 520 (Pa.Super. 1991), *appeal denied*, 529 Pa. 634, 600 A.2d 954 (1991). This Court may quash or dismiss an appeal if an appellant fails to conform

- 3 -

substantially to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101; *Laird v. Ely & Bernard*, 528 A.2d 1379 (Pa.Super. 1987), *appeal denied*, 520 Pa. 576, 549 A.2d 136 (1988).

Instantly, Appellant's brief complies in form with most of the pertinent rules of Pennsylvania's appellate procedure. Nevertheless, Appellant's brief fails to provide us with an adequate argument section, pursuant to the applicable rules, which require the argument section to contain a discussion of Appellant's contentions on appeal plus legal arguments and citations supporting those contentions. *See* Pa.R.A.P. 2119(a). Here, Appellant's fourth issue challenges the trial court's bias, but contains no citations to authority. *See Dalrymple v. Kilishek*, 920 A.2d 1275 (Pa.Super. 2007) (stating failure to support argument with pertinent authority results in waiver on appeal). Instead, this issue consists of a string of contentions and references to Appellant's version of the facts. Thus, Appellant's fourth issue is waived. *See id.*

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable G. Michael Green, we conclude Appellant's remaining issues merit no relief. The trial court's opinion comprehensively discusses and properly disposes of these questions presented. (*See* Trial Court Opinion, filed May 8, 2015, at 9-15) (finding: **(1)-(3)** as security for Note, Appellant executed Mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), acting solely as

- 4 -

nominee for American Brokers Conduit ("ABC"), and its successors and assigns; Mortgage specifically lists MERS as mortgagee and nominee for Lender, ABC; thus, MERS may execute Mortgage as nominee for Lender, ABC; MERS granted signing authority to Ms. Romano, MERS' certifying officer, to execute Assignment of Mortgage ("AOM"); therefore, MERS acted within its specific authority to execute AOM to Appellee, and Ms. Romano had express authority to execute AOM with Recorder of Deeds; Appellant is not third-party beneficiary of AOM, he is not party to AOM, and he did not sign AOM; thus, Appellant lacks standing to challenge validity of transfer and assignment of Note and Mortgage to Appellee; Appellee is owner and holder of Mortgage and Note; Appellant's failure to make monthly payments constituted default under Mortgage and Note; Appellee issued proper pre-foreclosure notifications, and Appellant failed to cure default; Note was endorsed by Lender, ABC, and made payable in blank; Appellee holds and possesses original Note, which it produced at trial). The record supports the trial court's decision; therefore, we have no reason to disturb it. Accordingly, we affirm on the basis of the trial court's opinion.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/5/2016

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY,
PENNSYLVANIA
CIVIL ACTION – LAW

| | | |
|---|---|---|
| HSBC BANK, USA, NATIONAL | : | NO. 2010-010108 |
| ASSOCIATION, AS TRUSTEE FOR | : | |
| THE HOLDERS OF THE | : | |
| CERTIFICATES ISSUED BY | : | |
| DEUTSCHE ALT-A SECURITIES | : | |
| MORTGAGE LOAN TRUST SERIES | : | |
| 2007-AR1 | : | |
| | : | |
| v. | : | |
| | : | |
| PATRICK T. CARNEY | : | |

Elizabeth Gallard, Esquire
Patrick T. Carney, *pro se*

## **OPINION**

GREEN, J.                                             FILED: May 8, 2015

Appellant, Patrick T. Carney, filed the instant appeal following a March 11, 2015

Order denying a Motion to Vacate Judgment Based on Judicial Bias and Judge's Lack

of Knowledge and Lack of Understanding of the Securitization Process.[1]  Appellant's

Concise Statement of Errors Complained of on Appeal was filed on April 13, 2015.[2]

Therein, Appellant neglects to specifically enumerate the errors complained of on

---

[1] Said Motion was considered as a Motion for Post-Trial Relief pursuant to Pa. R.C.P. 227.1.

[2] The companion case of HSBC Bank, USA, National Association, as Trustee for the Holders of the
Certificates Issued by Deutsche Alt-A Securities Mortgage Loan Trust Series 2007-AR1 v. Patrick
T. Carney, 2010-008543 was tried in conjunction with the instant matter.

appeal over the course of his sixteen (16) page statement. Nevertheless, Appellant raises the following issues for appellate review:

1.    HSBC Bank, USA, National Association, as Trustee for the Holders of the Certificates Issued by Deutsche Alt-A Securities Mortgage Loan Trust Series 2007-AR1 (hereinafter "HSBC" or Appellee) is not a real party in interest as "it did not have standing to bring this wrongful foreclosure action" and "that no securitization has been proven to have ever taken place";

2.    Both the Mortgage and the Note are void *ab initio;*

3.    The Trial Court failed to find that American Brokers Conduit was a legal corporation or that it was properly licensed to operate as a licensed lender;

4.    The blank indorsement found in the Note is ineffective;

5.    Plaintiff failed to produce evidence that it is the owner of the Note or that it is a holder in due course;

6.    "The manufactured assignment of mortgage . . . is a fabricated document that had no authority to assign ownership interest of said mortgage because Mortgage Electronic Registration Systems, Inc. (MERS—as nominee for ABC-assignor) was not the owner of the subject mortgage and was only the nominee for ABC, an alleged New York Corporation, which was a non-existent Corporation. MERS, never has written instruction, nor written authorization to transfer the Mortgage or the Note.";

7.    The assignment of the Mortgage is void *ab initio;*

8.    The assignment of the Mortgage is a "fabricated document" and MERs lacked the authorization to transfer either the Mortgage or the Note;

9.    Appellee should not have been permitted to file non-party verifications;

10.   The Trial Court "showed bias in protecting and shielding witnesses from Defendant's examination in violation of his federal civil right to due process";

2

11. The Trial Court "showed bias when [the Trial Court] refused Defendant access to the notary witness's logbook";

12. The Trial Court "showed bias and a lack of adherence to the rules of evidence in allowing hearsay documents of a generic nature . . .."

13. The Trial Court erred by "failing to find that fraud was established in a clear and convincing manner."

On November 16, 2006, Appellant, Patrick T. Carney, executed a thirty-year adjustable rate promissory note (hereinafter "Note") in the principal sum of $74,175.00 in favor of lender, American Brokers Conduit (hereinafter "ABC"). (P-1; P-13[3]; ¶¶ 3-4, N.T. 10/27/14, p. 41). The last page of the Note contains an undated indorsement signed by Ryan Criscione, as Assistant Secretary of American Brokers Conduit, which states: "PAY TO THE ORDER OF ____WITHOUT RECOURSE". (P-1). ABC indorsed the Note and made it payable in blank, without recourse. (P-1). Appellant, HSBC Bank, USA, National Association, as Trustee for the Holders of the Certificates Issued by Deutsche Alt-A Securities Mortgage Loan Trust Series 2007-AR1 (hereinafter "HSBC" or Appellee) is currently in possession of the Note. (P-1).

---

[3] HSBC served discovery, including Requests for Admission and Defendant failed and/or refused to respond. (P-13). Given Defendant's failure to respond to the Requests for Admission, said Requests were deemed admitted pursuant to Pa.R.C.P. 4014. (June 23, 2014 Order).

3

On November 16, 2006, Appellant executed a mortgage ("Mortgage") in favor of Mortgage Electronic Registration Systems, Inc., ("MERS"), as mortgagee, as nominee for ABC, the Lender, and Lender's successors and assigns, which secured the indebtedness of the Note. MERS is the identified mortgagee in the Mortgage. (P-2; P-13; ¶¶ 1-2, N.T. 10/27/14, p.38). The Property subject to the Mortgage is real property located at 3921 Gideon Road, Brookhaven, Pennsylvania 19015 ("Property"). The Mortgage was recorded in the Office of the Recorder of Deeds of Delaware County on December 14, 2006 in Mortgage Book No. 003981, Page 1879. (P-2).

At the time of the execution of the Note and Mortgage, Appellant was the owner and President of Golden Mortgage Services, Inc., which did business as Golden Mortgage Services. (P-39, N.T. 10/27/14, p. 9). Appellant through Golden Mortgage Services selected American Brokers Conduit to serve as the Lender in the underlying transaction. (N.T. 08/04/14, p. 25). Appellant through Golden Mortgage Services had used American Brokers Conduit as Lender in prior real estate transactions.[4] Appellant was also the owner[5] and President of Golden Abstract Services, Inc., which did business as Golden Abstract Services. (P-39, N.T. 1027/14,

---

[4] At trial, Mr. Carney testified that he worked with ABC "often." (N.T. 10/27/14, p. 14).

[5] Based upon Mr. Carney's testimony, this Court assumes he was the sole shareholder of Golden Abstract Services, Inc., at all times relevant to this civil action.

4

p. 10). Golden Abstract Services acted as the settlement agent for American Brokers Conduit at the closing of the loan. (P-20, N.T. 10/27/14, pp.10-11).

Appellant's mortgage loan was fully funded. (N.T. 08/04/14, p. 25). Appellee, HSBC, purchased the Note in January 2007. On September 1, 2009, the last mortgage payment was tendered by Appellant. (P-13; ¶ 7). Appellant did not apply for a loan modification. (P-13; ¶ 8).

The Note provides that failure to pay the full amount of each monthly payment on the date it is due is a default. (P-1, ¶ 7(B)). The Note and Mortgage provide that upon default of such monthly payments for a period of one (1) month and upon written notice of default which is left uncured, then the entire debt is collectible, immediately. (P-1, ¶7(C); P-2, ¶ 22; P-3, ¶ 10).

On or about June 21, 2010, counsel for HSBC sent Appellant, via certified mail and regular mail, at both the Property's address and his last known address, Notice of Intention to Foreclosure, and Notice of Intent to accelerate the debt, as set forth in Act 6 of 1974, 41 P.S. §403(a) and a Notice of Homeowners' Emergency Mortgage Assistance, pursuant to Act 91 of 1983, as amended in 1998, 35 P.S.§1680, 401(c) ("Act 6/91 Notice") due to the failure to make monthly mortgage payments. (P-4). The Act 6/91 Notice explained to Appellant that his Mortgage was in default, the nature of the foreclosure proceedings and how to take action to avoid foreclosure. Appellant did not seek Act 6/91 assistance within the applicable time periods

5

provided under the Homeowners' Emergency Assistance Act with respect to the Mortgage at issue. (P-13; ¶ 11). Appellant received the Act 6/91 Notice at least thirty (30) days prior to the commencement of this foreclosure proceeding. *See* Exhibit C to P-13. (P-13; ¶ 13). Despite this written notice, Appellant failed to make any payments that were due and owing. (P-13, ¶18).

On or about July 30, 2010, HSBC commenced the instant mortgage foreclosure action against the Appellant. Appellant is the mortgagor and real owner of the Property. Select Portfolio Servicing, Inc. is the current servicer of the mortgage loan. The total amount alleged and owing in the Complaint totaled $93,819.62. (P-13, ¶16).

The Mortgage provides that the borrower pay taxes and property insurance premiums on the Property. (P-2, ¶¶ 3, 4, 5). The Mortgage also provides that the Lender may obtain insurance coverage at Lender's option and at the borrower's expense. (P-2, ¶¶ 5, 9). Appellant did not pay taxes or homeowners insurance owed on the Property. The loan servicer(s) on behalf of Plaintiff paid the taxes and property insurance premiums on the Property totaling $13,562.42 ("escrow advance") which are set forth in detail at Exhibit P-36. (P-36; P-2, ¶ 9).[6]

---

[6] The total disbursements in exhibit P-36 are shown as "escrow advance" on exhibit P-35.

At trial, Appellee produced the original Note, made it available for inspection, and Appellant inspected the original Note and confirmed that he signed the original Note. (N.T. 10/15/14, pp.224, 230-233, N.T. 10 /27/14, p.41.) Appellee's attorney currently has possession of the original Note.

Judith Romano, Assistant Secretary and Vice President of MERS testified at trial. Ms. Romano had authority to execute an assignment of mortgage on behalf of MERS. (P-16). The Assignment of Mortgage dated June 15, was recorded on July 7, 2010, in the Office of the Recorder of Deeds of Delaware County in Record Book 4766, Page 2370. (P-3).

As of October 15, 2014, HSBC alleged the total amount due under the terms of the Mortgage and Note were as follows:

| | |
|---|---|
| Principal Balance | $ 74,175.00 |
| Interest from 8/1/2009 through 10/15/2014 | $ 16,686.44 |
| Cumulative Late Charges | $ 251.16 |
| Recoverable Balance | $ 1,093.70 |
| Escrow Advance | $ 13,562.42 |
| TOTAL | $105,769.14 |

Pursuant to the terms of the Mortgage and Note, the total amount due is accruing interest at the rate of $5.33 per day. (P-35).

7

At trial, Appellant was granted leave to pursue and prove a theory of fraud as a counterclaim.[7] Following trial, a review of post-trial submissions and closing arguments, an *in rem* judgment was entered in favor of HSBC, and against Patrick T. Carney, in the amount of $105,769.14 together with interest and other costs and charges collectible under the mortgage, for foreclosure and sale of the mortgaged property. On the counterclaim, judgment was entered in favor of HSBC, and against Patrick T. Carney. Appellant did not through competent evidence prove concise facts supporting a theory of a fraud and failed to prove any harm, injury, or damages he sustained.

## REAL PARTY IN INTEREST

Pennsylvania Rule of Civil Procedure 2002(a) provides that "[e]xcept as otherwise provided ... all actions shall be prosecuted by and in the name of the real party in interest...." Pa.R.C.P. 2002(a). A 'real party in interest,' as required to have standing to maintain an action, is the person who has the power to discharge the claim upon which suit is brought and to control the prosecution of the action brought to enforce rights arising under the claims. *See* Spires v. Hanover Fire Ins. Co., 70 A.2d 828, 831 (Pa. 1950), *overruled in part on other grounds by* Guy v. Liederbach,

---

[7] The decision to permit Appellant to present evidence in support of this counterclaim for fraud occurred in a pre-trial conference that was placed on the record. (N.T., 10/15/14, pp.148-153, 2010-008543, 2010-010108).

8

459 A.2d 744 (Pa. 1983); <u>Collins v. Allstate Indemn. Co.</u>, 626 A.2d 1162, 1166 (Pa. Super. 1993).  Where an assignment is effective, however, the assignee stands in the shoes of the assignor and assumes all of his rights.  *See* <u>Smith v. Cumberland, Ltd.</u>, 687 A.2d 1167m 1172 (Pa. Super. 1997).

Although Appellant contends that MERS did not have the authority to assign the Mortgage to HSBC, he provided no support for this claim.  As security for the Note and contemporaneously with the execution of the Note on November 16, 2006, Appellant executed a mortgage ("Mortgage") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), acting solely as a nominee for American Brokers Conduit and its successors and assigns.  The Mortgage lists MERS as the mortgagee under the security instrument and as nominee for the lender, American Brokers Conduit, the mortgage further provides that:

> This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note.  For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, the following described property....

(P-2, page 3 of 16).

The Mortgage executed by the Appellant, specifically provides, *inter alia*, that MERS was the mortgagee, as a nominee for the Lender, and Lender's successors and assigns. (P-2 at p.1).  As such, MERS acted within its specific authority by executing

9

the Assignment of Mortgage. MERS may execute mortgage assignments as the nominee for a lender. <u>Mortgage Electronic Registration Systems, Inc. v. Ralich</u>, 982 A.2d 77 (Pa. Super. 2009).

Further, MERS granted signing authority to the individual who executed the Assignment of Mortgage, Judith Romano, pursuant to an Agreement for Signing and Corporate Resolution. (P-16). The Agreement for Signing Authority and Corporate Resolution expressly identified Ms. Romano as a Certifying Officer and gave her permission to execute ". . . any and all documents necessary to foreclose upon the property securing any mortgage loan registered on the MERS System that is shown to be registered to the Member . . .." (P-16). MERS had authority to execute the Assignment of Mortgage to HSBC and Ms. Romano, as a Certifying Officer of MERS, had express authority to execute the Assignment of Mortgage recorded with the Recorder of Deeds. (P-2, P-16).

<u>THIRD PARTY BENEFICIARY</u>

MERS, as nominee for Lender and its assigns, assigned Defendant's Mortgage to HSBC and the Assignment of Mortgage was duly recorded with the Delaware County Recorder of Deeds on July 7, 2010. (P-2). The recording of an assignment of mortgage has no legal import between the parties to the assignment as it is "not a prerequisite to [a bank] having standing to seek enforcement of the mortgage via a mortgage foreclosure action." <u>U.S. Bank, N.A. v. Mallory</u>, 982 A.2d

10

986, 994 (Pa. Super. 2009). A mortgage is a written instrument that both conveys and creates a security interest in real estate. "A mortgage is in essence a defeasible deed, requiring the grantee to re-convey the property held as a security to the grantor upon satisfaction of the underlying debt or the fulfillment of established conditions." Hahnemann Medical College & Hospital v. Com., 416 A.2d 604 (Pa. Commw. 1980).

A mortgage is generally accompanied by a promissory note. The note is evidence of the debt obligation for which the mortgage is given. The mortgage and the note, while separate instruments, secure the same debt. However, the note is a personal obligation of the obligor (mortgagor). Judgment on the mortgage is on the encumbered real estate, only. In Pennsylvania, the mortgage follows the note. 13 Pa.C.S. §9203(g). One who is not a party to a contract lacks standing to argue that the contract is invalid. Shuster v. Pa. Turnpike Commonwealth, 395 Pa. 441, 149 A.2d 447, 452 (1959); Ira G. Steffy & Son, Inc., 7 A.3d 278, 287-88 (Pa. Super. 2010). Appellant is not a party to the Assignment of Mortgage and did not sign the Assignment of Mortgage.

A party becomes a third party beneficiary only where both parties to the contract express an intention to benefit the third party in the contract itself. Melley v. Pioneer Bank, N.A., 834 A.2d 1191, 1202 (Pa. Super. 2003). Appellant is not a third party beneficiary of the Assignment of Mortgage. Accordingly, Appellant lacks

11

standing to challenge the validity of the transfer and assignment of the Note and the Mortgage to Plaintiff. A defendant lacks standing to challenge a transfer of the Note unless the defendant demonstrates potential injury from the enforcement of the Note and the Mortgage by a party acting under an alleged defective assignment. J.P. Morgan Chase Bank v. Murray, 63 A.3d 1258, 1266 (Pa. Super. 2013). Appellant has no interest in the Assignment of Mortgage. He is also not at risk for a "potential injury" as he is not at risk of paying the same claim twice; there is only one party, HSBC, who is seeking enforcement of the Note and Mortgage.

Mortgage Foreclosure

HSBC, is the owner and holder of the Mortgage and Note. Appellant is the owner of the property 3921 Gideon Road, Brookhaven, Pennsylvania 19015-1220 secured by the Mortgage. Appellant's failure to make monthly payments is a default under the Mortgage and Note. This Court also found that HSBC issued the proper pre-foreclosure notifications and Appellant failed to cure the default.

The Note at issue is a negotiable instrument governed by Pennsylvania's Uniform Commercial Code. Section 3104 of the PUCC offers, in relevant part, the following definition of a negotiable instrument:

> Except as provided in subsections (c) and (d), "negotiable instrument" means an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it:

12

(1) is payable to bearer or to order at the time it is issued or first comes into possession of a holder;

(2) is payable on demand or at a definite time; and

(3) does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money, but the promise or order may contain:

(i) an undertaking or power to give, maintain or protect collateral to secure payment;

(ii) an authorization or power to the holder to confess judgment or realize on or dispose of collateral; or

(iii) a waiver of the benefit of any law intended for the advantage or protection of an obligor.

13 Pa.C.S. § 3104 (a)

The Note at issue meets all of these qualifications. A holder in due course of a negotiable instrument is defined as the holder of an instrument if "the instrument when issued or negotiated to the holder does not bear such apparent evidence of forgery or alteration or is not otherwise so irregular or incomplete as to call into question its authenticity;" and the holder took the instrument for value and in good faith. Id. § 3302. The PUCC defines a blank indorsement as follows: "If an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a 'blank indorsement.' When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone

13

until specially indorsed." Id. § 3205(b). A note is payable to bearer if it (1) states that it is payable to bearer or to the order of bearer or otherwise indicates that the person in possession of the promise or order is entitled to payment; (2) does not state a payee; or (3) states that it is payable to or to the order of cash or otherwise indicates that it is not payable to an identified person. JP Morgan Chase Bank, N.A. v. Murray, 63 A.3d 1258, 1265-66 (Pa. Super. 2013).

When a negotiable instrument, such as the subject Note, is transferred from one party to another, the transfer of the instrument "vests in the transferee such rights as the transferor has therein." 13 Pa. C.S. § 3203(b). When indorsed in blank, "an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." 13 Pa.C.S. § 3205(b). "A note indorsed in blank is a 'bearer note', payable to anyone on demand regardless of who previously held the note" pursuant to 13 Pa.C.S. §3109(a), 3301. Bank of Am., N.A. v. Gibson, 102 A.3d 462, 466 (Pa. Super. 2014).

The Note was indorsed by the lender, American Brokers Conduit and made payable in blank, without recourse making it bearer paper. 13 Pa.C.S. §3109(a). HSBC holds and possesses the original Note and produced the original Note at trial. In light of Appellant's default for failure to make monthly payments and the failure to cure the default, an *in rem* judgment was entered in favor of HSBC, and against Appellant in the amount of $105,769.14, together with interest and other costs and

14

charges collectible under the mortgage, for foreclosure and sale of the mortgaged property.

Fraud

A *prima facie* case of fraud requires a party to establish: (1) a representation; (2) that is material; (3) that is made with knowledge or reckless indifference of its falsity; (4) with intent to mislead another; (5) justifiable reliance; and (6) injury. Blumenstock v. Gibson, 811 A.2d 1029, 1034 (Pa. Super. 2002). The elements of fraud must be proven by clear and convincing evidence. Pittsburgh Live, Inc. v. Servov, 615 A.2d 438, 441 (Pa. Super. 1992). Appellant did not through competent evidence prove concise facts supporting a theory of a fraud perpetrated upon him, and failed to prove any harm, injury, or damages he purportedly sustained.

For the aforementioned reasons, the trial court respectfully requests that its decision be AFFIRMED.

BY THE COURT:

G. MICHAEL GREEN, J.

OFFICE OF JUDICIAL SUPPORT DELAWARE CO. PA.

2005 MAY -8 AM 8: 09

FILED JM

15